Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

Bernard J. Garbutt III
212.309.6084
bgarbutt@morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/2014

**MEMO ENDORSED**

*Handwritten endorsement:* Nov 25, 2014 — Plt shall respond to this letter by December 3. The Trustee's time to respond to the complaint is extended until December 22 in the interim. So ordered. /s/ Sidney H. Stein, U.S.D.J. 11/25.

November 25, 2014

**VIA ELECTRONIC FILING**

Honorable Sidney H. Stein, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  *Nat'l Credit Union Admin. Board v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-8919

Dear Judge Stein:

We represent defendant Deutsche Bank National Trust Company ("DBNTC"), as Trustee (the "Trustee"), in the above-referenced case. We write to respectfully request that this Court defer the Trustee's time to respond to the entire complaint of Plaintiff National Credit Union Administration Board ("NCUA"), which was filed on November 7, 2014 (the "Complaint"), until 45 days after a decision of the U.S. Court of Appeals for the Second Circuit in an appeal that addresses many of the issues in this case.

Alternatively, the Trustee respectfully requests an extension of time to respond to the Complaint through and including January 16, 2015.

NCUA is the liquidating agent for certain credit unions that were allegedly investors in certain residential mortgage-backed securitization ("RMBS") trusts for which DBNTC serves as trustee. Plaintiff's claims concern 121 different RMBS trusts, and the Complaint is 123 pages long, has 414 paragraphs, and attaches 5 exhibits that comprise an additional 228 pages.

The Complaint contains two causes of action. In Count I of the Complaint, NCUA alleges that the Trustee violated the Trust Indenture Act of 1939, 15 U.S.C. § 77aaa, et seq. (the "TIA") in connection with the Trustee's obligations under the agreements that created and govern the trusts (the "Governing Agreements"). The question of whether the TIA even applies to RMBS trusts is an issue currently on appeal to the Second Circuit in Ret. Bd. of the Policemen's Annuity &

Almaty   Beijing   Boston   Brussels   Chicago   Dallas   Dubai*   Frankfurt   Harrisburg   Houston   Irvine   London   Los Angeles   Miami
Moscow   New York   Palo Alto   Paris   Philadelphia   Pittsburgh   Princeton   San Francisco   Tokyo   Washington   Wilmington

*In association with Mohammed Buhashem Advocates & Legal Consultants

**Morgan Lewis**
COUNSELORS AT LAW

Honorable Sidney H. Stein
November 25, 2014
Page 2

Benefit Fund of the City of Chicago v. The Bank of New York Mellon, No. 13-1776-cv (the "PABF Appeal"). That appeal has been fully briefed and was argued on May 16, 2014.

In Count II of the Complaint, NCUA alleges a violation of the Streit Act (N.Y. Real Prop. Law § 124, et seq.), the New York state law corollary to the TIA. Plaintiff's Streit Act claim is based upon the same facts and the same Governing Agreements as Plaintiff's TIA claim. Like the TIA, the Streit Act mandates that certain "trust indentures" contain specific terms and conditions affecting the obligations of indenture trustees. If the Second Circuit determines that the federal TIA and the indenture terms that the TIA mandates apply to RMBS trusts like those at issue here, it is highly likely that the Streit Act cannot apply to such trusts. Moreover, the Second Circuit's decision in the PABF Appeal concerning provisions in the TIA that are similar or identical to provisions in the Streit Act is likely to be extremely instructive to any interpretation of the Streit Act and its application to the circumstances in this case.

Accordingly, other courts in this district in similar cases alleging violations of the TIA have either stayed the cases in their entirety or deferred briefing on the TIA issues until after the Second Circuit rules in the PABF Appeal. For example, in Royal Park Investments SA/NV v. U.S. Bank Nat'l Assoc., No. 14-cv-2590-VM (S.D.N.Y.), Judge Marrero stayed the entire case pending the Second Circuit's decision in the PABF Appeal, even though the plaintiffs in that Royal Park case had also asserted claims for breach of contract and breach of trust. See id. Dkt. No. 27 (attached hereto as "Exhibit A"); see also Stipulation and Order Regarding Defendant's Response Date Pending Second Circuit Decision in Retirement Board of the Policemen's Annuity & Benefit Fund of the City of Chicago v. The Bank of New York Mellon, 2d Cir. Case No. 13-1776, in Royal Park Investments SA/NV v. Deutsche Bank Nat' Trust Co., No. 14-cv-4394-AJN (S.D.N.Y.), Dkt. No. 20 (attached hereto as "Exhibit B") (allowing Trustee to file a response to the TIA claim 45 days after the Second Circuit's decision in the PABF Appeal).[1]

The Trustee therefore respectfully requests that this Court defer the Trustee's time to respond to the entire Complaint until 45 days after the Second Circuit renders a decision in the PABF Appeal.

Alternatively, the Trustee respectfully requests that this Court grant the Trustee an extension of time until January 16, 2015 to respond to the Complaint, which is an extension of 46 additional days. This extension of time is reasonable in light of the number of pages and paragraphs contained in the Complaint and its exhibits.

Pursuant to Section 1.E of this Court's Individual Practices, the Trustee states as follows: (subpart 1) the Trustee's original response date is December 1, 2014; (subparts 2 and 3) there

---

[1] In its Related Case Statement (Dkt. No. 2), even Plaintiff recognized the similarity of the Royal Park case in front of Judge Nathan to this case, and acknowledged Judge Nathan's deferral of briefing on the TIA issues in that case.

**Morgan Lewis**
COUNSELORS AT LAW

Honorable Sidney H. Stein
November 25, 2014
Page 3

have been no prior requests for extensions; and (subpart 4) the undersigned requested that Plaintiff's counsel agree to defer the Trustee's response to the entire Complaint until 45 days after the Second Circuit renders a decision in the PABF Appeal, and Plaintiff's counsel denied that request; the undersigned also requested from Plaintiff's counsel, in the alternative, an extension of time until January 16, 2015, and that request was rejected, although Plaintiff's counsel did offer an extension until December 22, 2014.

The Trustee respectfully submits that the requested extensions of time will not prejudice Plaintiff, and will result in judicial economy and efficiency for the parties.

Respectfully Submitted,

Bernard J. Garbutt III

cc: Counsel of Record (via ECF)