# Morgan Lewis

**Bernard J. Garbutt III**
+1.212.309.6084
bernard.garbutt@morganlewis.com

August 20, 2018

**BY ECF**
Hon. Sidney H. Stein, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Room 1010
New York, NY 10007

Re:   Nat'l Credit Union Admin. Bd. v. Deutsche Bank Nat'l Trust Co., No. 14-cv-8919

Dear Judge Stein:

We represent Defendant Deutsche Bank National Trust Company, as trustee (the "Trustee"), and write in response to the Court's Order dated August 2, 2018, Dkt.#99. The Court ordered that the Trustee and NCUA submit an agreed-upon timetable on how to proceed in this litigation in light of the decision of the U.S. Court of Appeals for the Second Circuit in National Credit Union Administration Board v. U.S. Bank National Association, No. 17-756, -- F.3d. --, 2018 WL 3650830 (2d Cir. Aug. 2, 2018) ("NCUA/U.S. Bank Decision"). The parties met and conferred by telephone and through correspondence since August 10 in an attempt to agree upon a schedule for NCUA's anticipated motion to amend under Federal Rule of Civil Procedure ("FRCP") 15 and to substitute under FRCP 17 (the "Motion to Amend"). Due to the improper process NCUA is proposing, and the dates NCUA proposed for that process, the parties unfortunately could not agree on a schedule. Thus, the Trustee provides this separate letter setting forth the Trustee's position as to NCUA's proposals.

**Background**

Under the FRCP, the parties must brief the Motion to Amend, and the Court should decide that motion, before any briefing on a FRCP 12 motion. There is no authority for NCUA's position that, prior to a decision on a previous motion to dismiss, the parties should brief, simultaneously and in the same set of motion papers, both a motion under FRCP 15 and 17 and a motion under FRCP 12.

The NCUA/U.S. Bank Decision, and the Court's forthcoming decision on NCUA's Motion to Amend, together will greatly impact which of the 97 RMBS trusts now at issue in the case (the "RMBS Trusts") will remain in this case and will therefore greatly impact the nature of the parties' submissions on the following FRCP 12 motion (including the nature and scope of

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060          ☎ +1.212.309.6000
United States                     📠 +1.212.309.6001

Hon. Sidney H. Stein, U.S.D.J.
August 20, 2018
Page 2

the arguments that will be made and the supporting documents, including PSAs, that will need to be submitted in support of those arguments).[1]

Indeed, NCUA's current purported claims as to 89 of the 97 RMBS Trusts arise from its attempt to assert derivative standing on behalf of the NGN Trusts, which the NCUA/U.S. Bank Decision rejected. Moreover, based upon prior correspondence from NCUA to the Trustee, NCUA appears to be planning to voluntarily dismiss all of its claims as to 36 of the 97 RMBS Trusts. If NCUA's Motion to Amend is denied, combined with NCUA's voluntary dismissal of claims as to certain RMBS Trusts, there could be only five RMBS Trusts remaining at issue.[2] This would, as the Court already noted, "clear away a significant amount of underbrush," thus "allowing [the] parties to be able to argue [a] motion [to dismiss] more cleanly." See Transcript of July 31, 2018 Hearing ("7/31 Tr."), at 6 & 21. Indeed, this Court already rejected NCUA's attempt to have this Court proceed in a similarly inefficient manner when NCUA wanted to argue, and have this Court resolve, the Trustee's prior motion to dismiss before the standing issues were resolved. Id. & Dkt.#98. The Court should reject NCUA's current proposal for similar reasons.

Presumably, NCUA is arguing that the simultaneous briefing under FRCP 12, FRCP 15, and FRCP 17 will move this case along more quickly, but the reason NCUA finds itself in this situation is due to problems of its own making. NCUA's desire to now rush this case along after NCUA itself has unduly delayed in seeking an amendment thus rings hollow. The parties are arguing over standing issues nearly four years into this litigation because NCUA has to this point improperly attempted to assert claims that do not belong to it. As detailed in the Trustee's July 27, 2018 letter, Dkt.#97, NCUA had ample warning years ago that it lacked standing to assert claims on behalf of the NGN Trusts. At this late stage, NCUA now wants to amend, substitute a separate trustee to attempt to assert claims regarding the NGN Trusts, and also attempt to assert claims relating to certificates from unwound NGN Trusts. But NCUA's rush to have this Court resolve these issues should not prejudice the Trustee's right to know exactly what complaint and claims are operative before asserting the Trustee's FRCP 12 arguments. Stated differently, NCUA's own miscalculations as to its standing and NCUA's undue delay should not deprive the Trustee of its right to file a separate FRCP 12 motion once an operative complaint is actually filed and served. As the Second Circuit recognized in the NCUA/U.S. Bank Decision, NCUA has never had, as NCUA suggested during the July 31 hearing (7/31 Tr., at 19), a "true 'Hobson's choice' between abandoning the derivative standing theory and requesting BNYM appoint a separate trustee." 2018 WL 3650830, at *12. Rather, NCUA could have requested the appointment of a separate trustee

---

[1]   In the Trustee's motion to dismiss the operative First Amended Complaint, the Trustee submitted 47 exhibits (that are proper to consider on a FRCP 12 Motion), including 14 PSA excerpts and 33 other documents in support of its arguments. See Dkt.##48,63.

[2]   See Exhibit 1, attached hereto (July 27, 2018 letter from counsel for NCUA and exhibit). The 36 Trusts that NCUA tentatively plans to dismiss include 33 NGN Trusts and 3 non-NGN Trusts. If the Court denies NCUA's Motion to Amend, then the 89 NGN Trusts would drop out, leaving only 8 non-NGN Trusts at issue in this case. The 8 non-NGN Trusts consist of the 3 non-NGN Trusts that NGN tentatively plans to dismiss and 5 other non-NGN Trusts.

Hon. Sidney H. Stein, U.S.D.J.
August 20, 2018
Page 3

long ago and proceeded with derivative standing as an alternative theory rather than its sole theory.  Id.

**NCUA's Proposed Process Is Improper Under the FRCP**

During the meet and confer process, NCUA argued that its combined briefing proposal is consistent with the FRCP because the standard for futility under a FRCP 15 motion is the same as the FRCP 12 standard.  Even if that is true, NCUA's proposal is not consistent with the FRCP.

**First**, the Trustee has the right under the FRCP to move to dismiss under FRCP 12 after the Court rules on NCUA's Motion to Amend and the operative complaint is filed and served.  See FRCP 12(a)(1)(A)(i) ("A defendant must serve an answer: (i) within 21 days **after being served** with the summons and complaint;") & FRCP 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: … .").  FRCP 15 similarly contemplates that the Trustee has the right to a FRCP 12 motion to dismiss any amended complaint after any leave to file it is granted.  See FRCP 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days **after service** of the amended pleading, whichever is later."); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1361 (3d ed. 2018) ("[W]henever the court allows a party to amend its pleading, the opposing party's **right** to interpose a Rule 12(b) motion is extended or revived accordingly.").

**Second**, the FRCP simply does not sanction the combined briefing of a motion to dismiss under FRCP 12 (against a proposed amended complaint that has not yet even been allowed and filed) with a FRCP 15 motion for leave to amend that attaches some proposed amended complaint.  During the meet and confer process, NCUA failed to identify any decision allowing such a process.  The decisions NCUA identified during the meet and confer process involved proposed amendments to a previously-filed complaint that was served, was the subject of a FRCP 12 response, and was the subject of the court's decision on a motion giving the parties guidance as to what was deficient about the complaint.  See, e.g., Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 247 (2d Cir. 2002); Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 86 (2d Cir. 2002); NCUA v. Wells Fargo Bank, Nat'l Assoc., 2017 WL 3610511, at *2-3 (S.D.N.Y. Aug, 21, 2017); Leber v. Citigroup 401(k) Plan Inv. Comm., 129 F. Supp. 3d 4, 8 (S.D.N.Y. Sept. 8, 2015); Brecher v. Citigroup Inc., 2011 WL 5525353, at *1 (S.D.N.Y. Nov. 14, 2011).  In contrast, here, the Court has not rendered any decision on a FRCP 12 motion and provided such guidance.

Thus, at most, NCUA's cases stand for the proposition that the standards for futility under a FRCP 15 motion are the same as the FRCP 12 standards.  However, there are other factors to be considered on a FRCP 15 motion for leave to amend and a FRCP 17 motion.  Presumably, NCUA's proposed amendments will be directed at attempting to cure NCUA's lack of standing, substitute a separate trustee to attempt to assert claims regarding the NGN Trusts, and attempt to assert claims relating to certificates from unwound NGN Trusts.  However, as

Hon. Sidney H. Stein, U.S.D.J.
August 20, 2018
Page 4

is clear from the NCUA/U.S. Bank Decision, there are factors other than futility to be considered on such motions, just as the Second Circuit found in that decision, such as undue delay and prejudice (2018 WL 3650830, at *10-12), which the Trustee has already established are at play here.  Dkt.#97 (Trustee's July 27, 2018 letter and exhibit detailing years of events that gave NCUA notice that it lacks derivative standing).

Accordingly, NCUA's proposed process is improper under the FRCP.

**The Sequencing of a Motion to Amend and a Decision on that Motion First, Followed by a FRCP 12 Motion on Any Filed and Served Complaint, Is the Most Efficient Process**

NCUA incorrectly contends that it would be more efficient to combine briefing on a FRCP 15 and FRCP 17 motion simultaneously with briefing on a FRCP 12 motion.  To the contrary, NCUA's proposal would be wasteful and inefficient.  Rather, it will be most efficient for the parties to first brief, and for the Court to then decide, only the Motion to Amend.  This process complies with the Court's preference for the cleanest possible briefing on a FRCP 12 motion. 7/31 Tr., at 6 & 21 (doing so would "clear away a significant amount of underbrush," thus "allowing [the] parties to be able to argue this motion [to dismiss] more cleanly.").

The Trustee's prior motion to dismiss contained an array of arguments that may no longer need to be made, and that will vary considerably in any new FRCP 12 motion to dismiss, depending upon:  (1) which, if any, of NCUA's claims as to the 89 NGN Trusts survives a decision on the Motion to Amend; and (2) which claims as to which RMBS Trusts NCUA voluntarily drops from the case.  Requiring the Trustee to brief both the Motion to Amend and the FRCP 12 motion to dismiss at the same time could require both parties to brief issues that may not need to be briefed at all depending upon how the Court rules on the Motion to Amend and which RMBS Trusts are dropped.  If the parties first brief, and the Court then decides, the Motion to Amend, the FRCP 12 briefing could then be streamlined and focused on only those specific RMBS Trusts that remain in the case.

Moreover, the Motion to Amend presents certain distinct issues apart from futility.  The Trustee plans to argue that NCUA should not be permitted to further amend the operative First Amended Complaint (Dkt.#38) to substitute a separate trustee to attempt to assert claims regarding the NGN Trusts, and to attempt to assert claims relating to certificates from unwound NGN Trusts, because NCUA has unduly delayed in making such a motion and the Trustee would thereby be prejudiced.

With respect to the request to amend the complaint, FRCP 15 provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  FRCP 15(d).  A FRCP 15 motion should not be granted if there is "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility."  NCUA/U.S. Bank Decision, 2018 WL 3650830, at *10.  The Second Circuit held that NCUA was untimely under FRCP 15 in part because it failed to attempt to substitute the separate trustee from the outset and proceed with its derivative

Hon. Sidney H. Stein, U.S.D.J.
August 20, 2018
Page 5

standing argument as an alternative theory to direct standing by the separate trustee. Id. at *12.

With respect to the request to substitute a separate trustee, FRCP 17 provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, **after an objection**, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." FRCP 17(a)(3) (emphasis added). "A district court may deny a Rule 17(a) motion as untimely if it is not filed within a reasonable time after a standing objection is raised." NCUA/U.S. Bank Decision, 2018 WL 3650830, at *10 (quoting Commonwealth of Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., 814 F.3d 641, 643 (2d Cir. 2016) (internal quotation marks omitted)). As the Second Circuit held in the NCUA/U.S. Bank Decision, NCUA's attempt to substitute a separate trustee failed because "NCUA waited over a year after Defendants challenged its standing to appoint the Separate Trustee. This was not a reasonable time after the standing objection was raised." 2018 WL 3650830, at *12 (internal quotation marks omitted). Here NCUA's delay has been even longer than in that case because NCUA waited over three years after the Trustee challenged its standing before NCUA is moving to substitute a separate trustee.[3] See Dkt.#97 (Trustee's July 27, 2018 letter).

Furthermore, the Trustee also plans to argue that NCUA should not be permitted to attempt to assert claims relating to certificates from unwound NGN Trusts, consistent with the NCUA-U.S. Bank Decision, which held that NCUA was untimely in seeking to amend its complaint to assert claims regarding those trusts. 2018 WL 3650830, at *6, 13. Again, here, NCUA's attempt to seek leave to amend to allege direct standing as to any such certificates is even more untimely.

These anticipated arguments described above do not invoke a futility standard akin to a FRCP 12 standard, and therefore would not overlap with any subsequent FRCP 12 motion to dismiss.

**The Trustee's Proposed Schedule**

As established above, the Trustee is entitled to file a FRCP 12 motion to dismiss, and to make clean arguments as to whatever complaint the Court allows NCUA to file, after NCUA's Motion to Amend is decided. At that point in time, the parties can again meet and confer to attempt to agree upon a schedule for that FRCP 12 motion briefing.

---

[3] As detailed in the Trustee's July 27, 2018 letter, NCUA has repeatedly been put on notice of its lack of standing to bring derivative claims on behalf of the NGN Trusts since February 20, 2015 (and throughout 2016 and 2017), by virtue of letters to the courts, motions to dismiss, and decisions in NCUA's cases against other RMBS trustees. Even worse, NCUA raised its three "solution[s]" in a letter to Your Honor in this case over two years ago, on July 22, 2016, Dkt.#83, yet NCUA did nothing after that.

Hon. Sidney H. Stein, U.S.D.J.
August 20, 2018
Page 6

Accordingly, the Trustee only proposes a schedule regarding NCUA's Motion to Amend, as follows:

1. 9/11/18 – NCUA files the Motion to Amend;

2. 10/25/18 – The Trustee files its opposition to the Motion to Amend; and

3. 11/26/18 – NCUA files its reply in further support of the Motion to Amend.

NCUA has had years to file its Motion to Amend, and by September 11, it will have been almost a month and a half from both the July 31 conference in this case, and the August 2 Second Circuit decision in NCUA/U.S. Bank. Thus, allowing the Trustee 45 days for its opposition (and NCUA 32 days for its reply) is fair. Moreover, with respect to the Motion to Amend, the Trustee believes that it is not necessary to deviate from the page limitations in Rule 2.C of Your Honor's Individual Practices, that is, 25 pages for the opening brief, 25 pages for the opposition, and 10 pages for the reply.

During the meet and confer process, NCUA proposed that it have until September 25 to file the Motion to Amend. However, NCUA has unduly delayed enough, and waiting even longer to file its Motion to Amend is inconsistent with NCUA's own ill-conceived attempt to rush the combined briefing along. There is no need for NCUA to wait longer, and in fact in NCUA's case against another RMBS trustee, HSBC, the court entered an order on August 16, 2018 requiring NCUA to file any motion for leave to amend (presumably with respect to the same issues) by September 12, 2018. National Credit Union Administration Board et al v. HSBC Bank US, National Association, No. 1:15-cv-02144-LGS-SN, Dkt.#348 (S.D.N.Y.). Indeed, in the meet and confer process, at the beginning, NCUA itself proposed that it file its Motion to Amend in this case by September 11, 2018.

If the Court agrees with NCUA's proposal to have the parties brief, simultaneously and in the same set of motion papers, both a Motion to Amend and a motion under FRCP 12, NCUA should still file its Motion to Amend by September 11, the Trustee should have until October 31 to file any opposition and be allotted 45 pages for that opposition, and the Trustee should be allowed the final word on that motion practice (as it would be entitled to in a reply under FRCP 12) to be filed 14 days after any subsequent brief by NCUA, and the Trustee should be allotted 20 pages for that reply brief.

For all the foregoing reasons, the Court should reject NCUA's proposals and adopt the Trustee's proposed schedule for briefing solely on NCUA's Motion to Amend.

Respectfully submitted,
*Bernard J. Garbutt III*

cc:  Counsel of Record (via ECF)

DB1/ 99092253.5