KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/18

August 20, 2018

*Sept 28, 2018 — The Court has read the submissions dated 8/20, 8/20, 8/31, 9/11, and 9/11 and endorses the schedule set forth below. So ordered. Sidney H. Stein, U.S.D.J.*

VIA ECF
Honorable Sidney H. Stein
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re: *NCUA v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-8919 (SHS)

Dear Judge Stein:

Plaintiff National Credit Union Administration Board, as liquidating agent ("NCUA"), respectfully submits a proposed schedule pursuant to the Court's Order dated August 2, 2018 (Dkt. 99). Regrettably, the parties were unable to reach "an agreed upon timetable on how to proceed in this litigation," *id.*, making separate submissions necessary.

**1.** NCUA proposes to resolve all issues in one round of briefing and one decision by this Court. Defendant Deutsche Bank National Trust Co. ("Deutsche Bank") proposes a piecemeal approach whereby substitution of a separate trustee for claims not held directly by NCUA is addressed in a first round of briefing and decision, with Deutsche Bank subsequently filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). NCUA proposes the following schedule, which it has provided to Deutsche Bank in meet-and-confer discussions:

~~9/11/2018~~ **Oct 5, 2018**  NCUA shall file a motion for leave to amend, and a proposed amended complaint pursuant to Federal Rules of Civil Procedure 15 and 17. NCUA's brief in support shall be limited to 20 pages.

~~10/11/2018~~ **Nov 5, 2018**  Deutsche Bank shall file any opposition to the motion for leave to amend pursuant to Rules 15 and 17, including any arguments regarding futility of amendment by reference to Rule 12. Deutsche Bank shall file one brief limited to 40 pages.

~~11/12/2018~~ **Dec 5, 2018**  NCUA shall file any reply in support of its motion for leave to amend pursuant to Rules 15 and 17, including its opposition regarding futility of amendment by reference to Rule 12. NCUA shall file one brief limited to 40 pages.

~~11/26/2018~~ **December 19, 2018**  Deutsche Bank shall file any reply limited to arguments regarding futility of amendment by reference to Rule 12. Deutsche Bank shall file one brief limited to 20 pages.

Honorable Sidney H. Stein, U.S.D.J.
August 20, 2018
Page 2

Alternatively, the Court could order briefing to proceed on the more typical format of three briefs, with page enlargements adequate to allow sufficient discussion of the issues.

**2.** The Court should require Deutsche Bank to raise any arguments it has for dismissing the complaint in one round of briefing. Deutsche Bank's position is that "there is [no] legal basis to combine briefing on a FRCP 15 motion simultaneously with briefing on a FRCP 12 motion, at the same time let alone in the same briefs." (E-mail from Counsel.)

Rule 15 in fact provides that authority. It is well-settled that, in ruling on a Rule 15 proposed amendment, courts assess whether the amendment is futile; and the long-established standard for futility is whether the complaint fails to state a claim under Rule 12(b)(6). *See, e.g., Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."); *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Plainly, the Court may require Deutsche Bank to raise any arguments it has for dismissal, whether pursuant to Rule 15 or Rule 12(b)(6) as incorporated by Rule 15, at one time.

Courts typically evaluate futility at the same time as they evaluate any other Rule 15 criteria. In *Leber v. Citigroup 401(K) Plan Investment Committee*, this Court noted that "'[a]n amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).'" 129 F. Supp. 3d 4, 11 (S.D.N.Y. 2015) (Stein, J.) (quoting *Lucente*, 310 F.3d at 258). After denying amendment as to some claims and granting amendment as to others, this Court held that:

> Although defendants state that they reserve their right to move to dismiss the fourth amended complaint, this Court has resolved this motion on futility grounds, *i.e.*, by asking whether plaintiffs' claims withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, defendants are ill-advised to move to dismiss the fourth amended complaint pursuant to Rule 12(b)(6).

*Id.* at 23 n.9. *See also Brecher v. Citigroup Inc.*, 2011 WL 5525353, at *2 (S.D.N.Y. Nov. 14, 2011) (Stein, J.) ("Defendants contend the proposed SAC should be rejected as entirely futile. An amendment is futile if it would not withstand a Rule 12(b)(6) motion to dismiss. Thus plaintiffs' amendments will be disallowed as futile to the extent they do not state a claim to relief that is plausible on its face. As on a Rule 12(b)(6) motion to dismiss, the Court will assume the truth of the well pleaded facts of the proposed SAC and may consider those documents that are incorporated into the SAC by reference.") (citations omitted).

Judge Failla reached a similar conclusion in NCUA's case against Wells Fargo as trustee for certain RMBS trusts. There, after the Court held NCUA lacked derivative standing, NCUA sought leave to supplement its complaint and substitute a separate trustee. The Court held substitution was proper, granted leave to amend, and ruled that a subsequent motion to dismiss would be improperly duplicative of the Court's futility analysis:

> And though Defendant contends conversely that granting the Motion will prompt

Honorable Sidney H. Stein, U.S.D.J.
August 20, 2018
Page 3

>  it to file a second motion to dismiss . . . , the Court cannot understand how this could be. The Court already has addressed the grounds on which it imagines Defendant might have moved — the real-party-in-interest status of the Separate Trustee and validity of his appointment — in this Opinion, and suggested its belief that Defendant lacks the standing to mount a challenge on this basis.

*NCUA et al. v. Wells Fargo Bank, N.A.*, 2017 WL 3610511, at *20 (S.D.N.Y. Aug. 21, 2017).

**3.** As is evident from Judge Failla's reasoning, whether the separate trustee may substitute here partakes of elements from both Rule 15 (undue delay, bad faith, etc.) and Rule 12(b)(6) as incorporated by Rule 15's futility factor (as in *Wells Fargo*, "the real-party-in-interest status of the Separate Trustee and validity of his appointment"). It is unclear from Deutsche Bank's proposal whether it anticipates addressing only concerns unique to amendments under Rule 15, or whether it also intends to argue that the separate trustee's substitution here would be futile by incorporation of Rule 12(b)(6), while deferring briefing on any other Rule 12(b)(6) futility issues going to the plausibility of the claims alleged against Deutsche Bank. There is no cause for such a piecemeal approach, which will be inefficient for the Court and the parties.

The Court should adopt NCUA's proposal to require Deutsche Bank to present any issues pertinent to the viability of the complaint in one round. Judge Failla has already held that the separate trustee may be substituted as plaintiff in analogous circumstances. *See* NCUA Ltr. at 3-4 (July 6, 2018) (Dkt. 92). Further, because NCUA is the direct holder of many certificates in the residential mortgage-backed securities trusts at issue, briefing on the merits of the plausibility of NCUA's allegations against Deutsche Bank will be necessary regardless whether the separate trustee may pursue similar claims based on different certificates. *See id.* at 4-5. The core claims alleged here, moreover, have been held by many other judges in this district to state plausible claims pursuant to Rule 12(b)(6), and evaluation of the merits of Plaintiffs' claims here will not be difficult in light of that established body of law. *See id.* at 1-2. Finally, it is common for parties to brief both standing and the merits at the same time.

The Court should require all Rule 15, 17, and 12(b)(6) issues to be briefed and decided in one round.

Respectfully submitted,

*/s/ Scott K. Attaway*
*Counsel for National Credit Union*
*Administration Board, as liquidating agent*

cc: All Counsel of Record via ECF