# Morgan Lewis

**Bernard J. Garbutt III**
+1.212.309.6084
bernard.garbutt@morganlewis.com

February 5, 2019

**BY ECF**
Hon. Sidney H. Stein, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Room 1010
New York, NY 10007

Re:   Nat'l Credit Union Admin. Bd. v. Deutsche Bank Nat'l Trust Co., No. 14-cv-8919

Dear Judge Stein:

We represent the Trustee in the above-referenced case and write in connection with the Trustee's motion to dismiss (the "Trustee's Motion").[1]  We write to submit recent supplemental authority, namely Judge Briccetti's recent decision, MBIA Ins. Corp. v. Nationstar Mortg. LLC, 2019 WL 357932 (S.D.N.Y. Jan. 29, 2019) ("MBIA").

In Plaintiffs' PSAC, Plaintiffs assert the Indemnification Claims, through which Plaintiffs attempt to challenge the Trustee's entitlement to indemnification for its legal fees and expenses.  Plaintiffs allege that the Trustee is not entitled to indemnification because NCUA, as an alleged certificateholder, is allegedly a party to the PSAs, and, relying upon Hooper Associates, Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487 (1989), Plaintiffs argue that the PSAs are not "unmistakably clear" that they provide for first-party indemnification to the Trustee.  PSAC, ¶¶495-511 & 547-558.  In support of the Indemnification Claims, in the NCUA Reply, Plaintiffs argued that, as a certificateholder, NCUA is a party to the PSAs. Dkt.# 126, at 26-27.  In response to these allegations and this argument, in the Trustee Memo and the Trustee Reply, the Trustee demonstrated that the Trustee's entitlement to indemnification is unmistakably clear.  Trustee Memo, at 34-35; Trustee Reply, at 18-20. Moreover, the Trustee also demonstrated that certificateholders, like NCUA purports to be, are not parties to the PSAs, and, therefore, Hooper's "unmistakably clear" rule is inapplicable here.  Trustee Memo, at 32-34; Trustee Reply, at 16-17.

In MBIA, MBIA was challenging an indemnification under PSAs pertaining to lawsuits brought by certificateholders against an RMBS trustee.  In doing so, MBIA argued that the court should apply Hooper.  MBIA, *5.  The court rejected this argument and held that certificateholders are not parties to PSAs:

> The Court finds the "unmistakably clear" standard inapplicable.  "[T]he Hooper Associates standard does not apply" to "attorneys fees incurred in underlying

---

[1]   See Dkt.## 145 (the "Trustee Memo") & 132 (the "Trustee Reply").  Unless otherwise stated, capitalized terms used herein shall have the meanings assigned in the Trustee's Glossary included with the Trustee Reply.  All quotations and citations are omitted and all emphasis is added.

Hon. Sidney H. Stein, U.S.D.J.
February 5, 2019
Page 2

    litigation with third parties." CBS Corp. v. Eaton Corp., 2010 WL 1375169, at *4 (S.D.N.Y. Mar. 30, 2010).  Rather, Hooper Associates applies to indemnity provisions that shift "legal expenses for a suit between the contracting parties," in contravention of the "American Rule" that litigating parties ordinarily must bear their own litigation expenses.  See In re Refco Securities Litig'n, 890 F. Supp. 2d 332, 340–44 (S.D.N.Y. 2012) (emphasis added).

    Here, each of the underlying lawsuits pitted Certificateholders against BNYM as Trustee.  Because the **Certificateholders are not parties to the PSAs** at issue in the instant lawsuit, BNYM's litigation expenses in the underlying lawsuits are **not** "legal expenses for a suit **between the contracting parties**."  In re Refco Securities Litig'n, 890 F. Supp. 2d at 344.  Instead, the underlying lawsuits were **third-party actions**.  See Homeward Residential, Inc. v. Sand Canyon Corp., 298 F.R.D. 116, 133 (S.D.N.Y. 2014) … (labelling one of the underlying lawsuits against BNYM a third-party action for purposes of Hooper Associates).  Such actions do not trigger Hooper Associates's "unmistakably clear" standard.

MBIA, *5.

This Court should likewise find that certificateholders are not parties to the PSAs and that Hooper's "unmistakably clear" rule is inapplicable here.

Respectfully submitted,
*Bernard J. Garbutt III*

cc:    Counsel of Record (via ECF)