# Morgan Lewis

**Bernard J. Garbutt III**
+1.212.309.6084
bernard.garbutt@morganlewis.com

February 27, 2019

**BY ECF**
Hon. Sidney H. Stein, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Room 1010
New York, NY 10007

Re:   Nat'l Credit Union Admin. Bd. v. Deutsche Bank Nat'l Trust Co., No. 14-cv-8919

Dear Judge Stein:

We represent the Trustee[1] and write to address Plaintiffs' letter (Dkt.#149, "Plaintiffs' Letter") in response to the Trustee's supplemental authority, MBIA Ins. Corp. v. Nationstar Mortg. LLC, 2019 WL 357932 (S.D.N.Y. Jan. 29, 2019), Dkt.#148 ("MBIA").

MBIA stands for the simple proposition that because certificateholders are not parties to PSAs, Hooper and its "unmistakably clear" rule do not apply to the interpretation of a trustee's entitlement to indemnification under PSAs. MBIA, *5. Plaintiffs' Letter does nothing to refute that proposition. Indeed, the Trustee has now cited several cases for the proposition that a trustee is entitled to indemnification under the circumstances presented here,[2] and has also cited several cases for the proposition that certificateholders are not parties to PSAs.[3] Plaintiffs have not cited a single case directly on point refuting either proposition.

Plaintiffs argue that because the indemnity in MBIA "came from the master servicer," the indemnity at issue there is "materially different." Plaintiffs' Letter, at 1. Putting aside that this is factually incorrect, it misses the point. In MBIA, the source of the indemnification did not inform the court's clear holding that because "Certificateholders are not parties to the PSAs at issue …, [the trustee's] litigation expenses in the underlying lawsuits are not legal expenses for a suit between the contracting parties." MBIA, *5.

Plaintiffs also attempt to explain away MBIA by arguing that "certificateholders <u>can</u> be <u>viewed as</u> third parties to an agreement by a master servicer to indemnify a trustee because

---

[1]   Unless otherwise stated, capitalized terms have the meanings assigned in the Trustee's Glossary in the Trustee reply, Dkt.#132. All quotations and citations are omitted and all emphasis is added.

[2]   See, e.g., Royal Park Invs. SA/NV v. HSBC Bank USA Nat'l Ass'n, 2017 WL 9991531, *3 (S.D.N.Y. Jan. 26, 2017); PIMCO Absolute Return Strategy v. Wells Fargo Bank, No. 654743/17 (N.Y. Sup. Ct. N.Y. Cty.) (Dkt.#119-16 herein).

[3]   See, e.g., MBIA, *5; Homeward Residential, Inc. v. Sand Canyon Corp., 298 F.R.D. 116, 132-33 (S.D.N.Y. 2014); Greenwich Fin. Servs. v. Countrywide Fin. Corp., 654 F. Supp. 2d 192, 197 (S.D.N.Y. 2009); Walnut Place LLC v. Countrywide Home Loans, Inc., 951 N.Y.S.2d 84, *1 n.2 (N.Y. Sup. Ct. N.Y. Cty. 2012), aff'd, 948 N.Y.S.2d 580 (1st Dep't 2012).

Hon. Sidney H. Stein, U.S.D.J.
February 27, 2019
Page 2

certificateholders were not the contractual indemnitors." Plaintiffs' Letter, at 2. But, <u>parties</u> to an agreement cannot be "viewed as third parties" as to only certain <u>aspects</u> of an agreement. Certificateholders either are or are not parties to PSAs; and, the law is clear that they are <u>not</u>. <u>MBIA</u>, *5.

Respectfully submitted,
*Bernard J. Garbutt III*

cc:     Counsel of Record (via ECF)