UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/2020

NATIONAL CREDIT UNION
ADMINISTRATION BOARD, et al.,

Plaintiffs,

-against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

Defendant.

Case No. 14-cv-8919

Hon. Sidney H. Stein

**STIPULATION AND [PROPOSED]
AGREED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal

Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, by and among

Plaintiffs National Credit Union Administration Board, as Liquidating Agent, and Graeme W.

Bush, as Separate Trustee (collectively "Plaintiffs"), and Defendant Deutsche Bank National Trust

Company ("DBNTC"), as trustee of the RMBS trusts at issue in the above-captioned action (the

"Trustee") (Plaintiffs and the Trustee are, collectively, referred to as "Parties," and each

individually, as a "Party;" the above-captioned action is referred to as the "Action"), through their

undersigned counsel, that the following provisions of this Stipulation and Agreed Protective Order

(the "Stipulation and Order") govern disclosure and use by the Parties of all documents, testimony,

transcripts, video, audio, exhibits, interrogatory answers, responses to requests for admission,

electronically stored information ("ESI"), and any other materials and information (including, to

avoid any ambiguity, any copies, summaries, or derivations thereof) produced or provided by the

Parties or any non-party during discovery in the Action (collectively, "Discovery Material(s)"):

    1.    This Stipulation and Order is entered to facilitate the production, exchange, and

discovery of Discovery Materials that merit confidential or highly confidential treatment.

2.     All Discovery Materials produced or disclosed in connection with the Action shall be used solely for the prosecution or the defense of the Action (including any appeal therefrom).

3.     A Party, non-party, person or other entity that produces or discloses Discovery Materials in connection with the Action shall be referred to herein as the "Disclosing Party."

4.     A Party, non-party, person or other entity that receives Discovery Materials in connection with the Action shall be referred to herein as the "Receiving Party."

5.     "Document" shall have the meaning assigned in Local Rule 26.3(c)(2), and shall also include any recorded form of information, whether in printed, electronic, or other format, including deposition transcripts, answers to interrogatories, and other discovery requests and responses.

6.     Any Disclosing Party may, subject to the provisions of this Stipulation and Order, designate as "Confidential" any Discovery Material that the Disclosing Party reasonably and in good faith contends contains currently confidential and/or proprietary business or personal information, and that the Disclosing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and thus requires the protections provided in this Stipulation and Order.  The Parties agree that any Discovery Material containing "Nonparty Borrower Information" (as defined in Paragraph 8 below) shall be designated, at the very least, as "Confidential."

7.     Any Disclosing Party may, subject to the provisions of this Stipulation and Order, designate as "Highly Confidential" any Discovery Material that the Disclosing Party reasonably and in good faith contends contains currently sensitive confidential and/or proprietary personal, customer, business, financial, technical, and/or commercially sensitive competitive information, or trade secrets, that the Disclosing Party maintains as highly confidential in its business, and

thus requires the protections provided in this Stipulation and Order.  By designating Discovery

Material as "Highly Confidential," the Disclosing Party affirms that its counsel of record in the

Action has reviewed the Discovery Material and made a good faith determination that it qualifies

for protection as "Highly Confidential."

8.      For purposes of this Stipulation and Order, "Nonparty Borrower Information"

shall mean any information that constitutes "nonpublic personal information" within the meaning

of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809, and its implementing

regulations, including, but not limited to, those portions of a mortgage loan file, spreadsheet or

other document that include covered financial or credit information for any person (including

any credit history, report, or score obtained on any such person to determine the person's

eligibility for credit) and/or any personally identifiable information with respect to such person,

including, but not limited, to name, address, social security number, loan number, telephone

number, or place or position of work.  As set forth in Paragraph 11 below, this Stipulation and

Order authorizes the disclosure of such Nonparty Borrower Information in the Action without

redaction; however, if any Party submits Discovery Material containing Nonparty Borrower

Information to the Court, the information constituting Nonparty Borrower Information must first

be redacted in accordance with Federal Rule of Civil Procedure 5.2.

9.      Discovery Material designated "Confidential" shall be referred to herein as

"Confidential Discovery Material."  Discovery Material designated "Highly Confidential" shall

be referred to herein as "Highly Confidential Discovery Material."  No designation of

Confidential Discovery Material or Highly Confidential Discovery Material (other than with

respect to ESI) shall be effective unless there is placed on, or affixed to, the materials (in such

manner as will not interfere with the legibility thereof) a "Confidential" or "Highly Confidential"

stamp, sticker, mark, notice, or the equivalent (collectively, a "Stamp"), or, in the case of

depositions, as set forth in Paragraph 17, below.  ESI designated as "Confidential" or "Highly

Confidential" shall be so designated by including a "Confidential" or "Highly Confidential"

notice in the body of the electronic document or by affixing a Stamp with such notice to the

medium (including, but not limited to, tapes, CDs, DVDs and flash drives) on which the ESI is

stored before copies are delivered to a Receiving Party.  Printouts of any such ESI designated as

Confidential Discovery Material or Highly Confidential Discovery Material shall be treated in

accordance with the terms of this Stipulation and Order.  Notwithstanding the foregoing, Excel

documents or any other type of electronically stored information produced in native format

(together, "Natively Produced ESI") need not be produced using a means sufficient to ensure that

every page of such document, when printed, contains the appropriate Stamp.  Instead, the

Disclosing Party shall use reasonable means to designate "Confidential" or "Highly

Confidential" as appropriate, by (a) producing a TIFF placeholder image corresponding to the

Natively Produced ESI that includes a "Confidential" or "Highly Confidential" Stamp; and (b)

including "Confidential" or "Highly Confidential," as appropriate, on the label of the media or in

the transmittal e-mail containing the Natively Produced ESI.

     10.     Whenever a Disclosing Party designates Discovery Material as "Highly

Confidential," the Disclosing Party shall, contemporaneous with the production of the Discovery

Material, or the designation of the Discovery Material as "Highly Confidential," provide written

notice (in the form of a cover letter or otherwise) that the production includes Highly

Confidential Discovery Material.

     11.     The Receiving Party may at any time challenge the designation of one or more

Discovery Materials on the grounds that it or they does not or do not qualify for protection, or

- 4 -

does not or do not qualify for the level of protection initially asserted.  If the Disclosing Party

agrees, it shall promptly notify the Receiving Party that it is withdrawing or changing the

designation.  To the extent any federal or state law or other legal authority governing the

disclosure or use of Nonparty Borrower Information (hereinafter, "Nonparty Borrower

Information Law") permits disclosure of such information pursuant to an order of a court, this

Stipulation and Order shall constitute compliance with such requirement.  To the extent any

Nonparty Borrower Information Law requires a Disclosing Party to obtain a court-ordered

subpoena or give notice to or obtain consent, in any form or manner, from any person or entity

before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the

protections provided for the information disclosed in this Stipulation and Order, the volume of

documents to be produced and the ongoing oversight of the Court, there is good cause to excuse

such requirement, and this Stipulation and Order shall constitute an express direction that the

Disclosing Party is exempted from obtaining a court-ordered subpoena or having to notify and/or

obtain consent from any person or entity prior to the disclosure of Nonparty Borrower

Information.  To the extent that any Nonparty Borrower Information Law requires that any

person or entity be notified prior to disclosure of Nonparty Borrower Information except where

such notice is prohibited by court order, the Court directs that, in view of the protections

provided for the information disclosed in this Stipulation and Order, the volume of documents to

be produced and the ongoing oversight of the Court, Disclosing Parties are explicitly prohibited

from providing such notice; provided, however, that this Stipulation and Order shall not prohibit

any Disclosing Party from contacting any person or entity for any other purpose.  Any Disclosing

Party may seek additional orders from this Court that such Party believes may be necessary to

comply with any Nonparty Borrower Information Law.  Notwithstanding the foregoing, a

Disclosing Party may elect to provide Nonparty Borrower Information to the Receiving Party only through a confidential and secure data portal controlled by the Disclosing Party. The Receiving Party does not waive and reserves all rights to seek production in a different manner.

12.     The designation of any Discovery Material as Confidential or Highly Confidential is not intended to, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or other immunity or protection from disclosure, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

13.     This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, attorney-client privilege, the joint defense privilege, the common interest privilege, the work product doctrine, the self-analysis privilege, the privilege accorded subsequent remedial measures, the bank examination privilege, bank regulatory laws and regulations, bank secrecy laws, blocking laws, criminal or civil laws (including privacy laws), or any other applicable privilege or doctrine protecting such documents from disclosure (collectively referred to as "privilege[s]"), and is without prejudice to any other Party's right to contest such a claim of privilege.

14.     The inadvertent production of any Discovery Material in the Action shall be without prejudice to any claim that such material is privileged, and no Party shall have waived any claims or arguments under the inadvertent production doctrine. In order to claw back Discovery Material purportedly protected from disclosure by privilege that was produced inadvertently, the Parties must promptly do as follows:

(a)     The Disclosing Party must provide notice in writing to the Receiving Party specifying the production number of (or otherwise identifying with sufficient specificity) the

Discovery Material it wishes to claw back, and the basis of the claim of privilege relied upon in support of its claw-back request;

(b)     The Receiving Party must use reasonable efforts to destroy or return to the Disclosing Party all copies of the inadvertently produced Discovery Materials in its possession, custody or control, and notify the Disclosing Party, or any other Party purporting to hold a privilege, that they have done so;

(c)     The Receiving Party must take reasonable steps to retrieve and destroy the inadvertently produced Discovery Materials from other persons, if any, to whom such Discovery Materials have been provided and notify the Disclosing Party that they have done so;

(d)     Notwithstanding the provisions set forth above, if the Receiving Party(ies) dispute(s) the Disclosing Party's claim or believes the privilege has been waived, the Receiving Party shall promptly sequester the inadvertently produced Discovery Material, including all copies, and the Parties shall promptly meet and confer.  If the Parties cannot resolve the issue, the Receiving Party may submit the disputed Discovery Material, under seal, to the Court for determination of the claim of privilege; and

(e)     Notwithstanding the provisions set forth above, if a Disclosing Party delivers a claw-back request within fourteen (14) calendar days prior to any date scheduled for any deposition of a present or former employee of the Disclosing Party or any Federal Rule of Civil Procedure 30(b)(6) deposition of the Disclosing Party, such claw-back request shall be deemed to have been made on the day following the latest such deposition within that fourteen (14) day period (and thus any obligation to destroy, return or sequester the inadvertently produced Discovery Material, any procedures for responding to or addressing the claim of privilege, and any limitations on use arising from the claim of privilege shall be suspended until that time); provided, for the avoidance of doubt,

that the provisions of Paragraph 15 shall still apply in the event the Disclosing Party claims that any such Discovery Material being used in a deposition is subject to privilege.

15.     If, during a deposition, a Party claims that Discovery Material being used in the deposition (*e.g.*, a document marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege, it may at its sole election: (a) allow the Discovery Material to be used in the deposition without waiver of its claim of privilege, or (b) instruct the witness not to answer questions concerning the Discovery Material pending a prompt resolution of any disagreement concerning the Discovery Material's purported privileged status. If the procedure outlined in Paragraph 14 to address the claim of privilege has not already been commenced with respect to the purportedly privileged Discovery Material, then, promptly following the deposition, the Party asserting the privilege claim shall commence such procedure by providing notice identifying the purportedly privileged Discovery Material as set forth in Paragraph 14. Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Confidential. If any Party instructs the witness not to answer questions concerning the Discovery Material, the Parties will then cooperate in promptly submitting the issue of the Discovery Material's status to the Court. If the Discovery Material is ultimately determined not to be privileged, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the Discovery Material, which shall be at the earliest practicable time for the witness and its counsel.

16.     If a Disclosing Party inadvertently discloses Confidential Discovery Material or Highly Confidential Discovery Material without designating it as such, the Disclosing Party shall inform the Receiving Party of such inadvertent disclosure within fourteen (14) days of its

discovery. Promptly after providing such notice, the Disclosing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the new designation. The Receiving Party or Parties shall replace the originally designated material with the newly designated material and shall destroy the incorrectly designated material. The Receiving Party shall thereafter treat the information as Confidential Discovery Material or Highly Confidential Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material or Highly Confidential Discovery Material, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further such disclosure. The failure to advise the Receiving Party of such inadvertent disclosure within fourteen (14) days after discovery shall not constitute a waiver of any confidentiality designation or an admission by the Disclosing Party that such information is not confidential.

17. A Disclosing Party may, on the record of a deposition, or within thirty (30) days after receipt of the transcript of such deposition, designate any portion or portions of the deposition as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Order. Until such time period expires without any designation having been made, the entire deposition transcript shall be treated as "Highly Confidential" unless otherwise specified in writing or on the record of the deposition by the Disclosing Party. All copies of deposition transcripts that contain material designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be bound in separate volumes and prominently marked "Confidential" or "Highly Confidential" on the cover thereof. Objections to the designation of Confidential Discovery Material or Highly Confidential Discovery Material under this Paragraph 17 shall be governed by the procedure set forth in Paragraph 30, below.

- 9 -

18.     Each Party shall have the responsibility, through counsel, to advise the Disclosing Party promptly of any compromises of the confidentiality of Confidential Discovery Material or Highly Confidential Discovery Material. The Party that disclosed the Confidential Discovery Material or Highly Confidential Discovery Material to a Party or person not authorized under this Stipulation and Order to receive such Confidential Discovery Material or Highly Confidential Discovery Material shall make commercially reasonable efforts to bind such person or Party to the terms of this Stipulation and Order; and shall, as soon as practicable, but in any event, no later than five (5) business days after discovery by counsel of record of such disclosure (a) inform such person of all the provisions of this Stipulation and Order; (b) request such person to execute the Undertaking Regarding Stipulation and Agreed Protective Order With Respect to Discovery Materials, which is Exhibit A hereto (the "Undertaking"); (c) make commercially reasonable efforts to retrieve all copies of the Confidential Discovery Material or Highly Confidential Discovery Material; and (d) notify the Disclosing Party in writing of the unauthorized disclosure and the identity of such person. If such person executes the Undertaking, a copy of the executed Undertaking shall promptly be sent to the Disclosing Party. The Parties agree that irreparable harm may occur in the event of unauthorized disclosure of Confidential Discovery Material or Highly Confidential Discovery Material. Accordingly, the Parties shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Confidential Discovery Material or Highly Confidential Discovery Material.

19.     Subject to any other written agreement among or between the Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Disclosing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the

enforcement of insurance rights with respect to, the Action.  Except as required by law,

Discovery Material may not be used for any other purpose, including, without limitation, any

business or commercial purpose, contractual repurchase demands, any purpose related to any

other investigation or proceeding or evaluation of other potential claims unrelated to the causes

of action and transactions at issue in the Action.  Confidential Discovery Material and Highly

Confidential Discovery Material may be disclosed only to the categories of persons and under

the conditions described in this Stipulation and Order.

20.     Except as otherwise specifically provided in this Stipulation and Order, absent the

prior express written consent of the Disclosing Party, Confidential Discovery Material shall not

be disclosed, summarized or otherwise made available to anyone except the following persons:

(a)     the Court and court personnel, any appellate court in the Action, and

jurors;

(b)     the Parties' in-house and outside counsel participating in the prosecution

and defense of the Action and their legal, clerical, or support staff, including temporary or

contract staff;

(c)     the officers, directors and employees of the Parties who have

responsibility for supervising, maintaining, defending, or evaluating the Action and/or issues

involved in the Action (and their supporting personnel);

(d)     a non-party (including a former officer, director or employee of a Party)

who authored or previously received the Confidential Discovery Material; provided, however,

that a person identified solely in this Subparagraph 20(d) shall not be permitted to retain copies

of such Confidential Discovery Materials;

(e)     professional court reporters, stenographers, or video and/or audio operators transcribing, recording, or taping depositions or testimony in the Action;

(f)     any mediator or arbitrator engaged by the Parties in connection with the Action;

(g)     expert witnesses or consultants who are employed or retained by a Party in connection with the prosecution or defense of the Action, provided that counsel, in good faith, requires their assistance in connection with the Action, and further provided that any part of a report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" by the Party responsible for its creation; and *provided further* that the experts or consultants may not use Confidential Discovery Material to their business or competitive advantage or for any purpose that does not relate to the Action;

(h)     deponents and witnesses or prospective deponents or witnesses (and counsel for such deponents or witnesses) to the extent reasonably believed by counsel to be necessary in connection with their testimony in the Action or the preparation thereof; provided, however, that a person identified solely in this Subparagraph 20(h) shall not be permitted to retain copies of such Confidential Discovery Materials;

(i)     vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearing, including outside photocopying, data processing, graphic production services, litigation support services or investigators employed by the Parties or their counsel to assist in the Action, and information technology personnel performing duties in relation to a computerized litigation system;

(j)     the insurers and reinsurers of the Parties to these proceedings, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of the Action; and

(k)     any other person agreed to by the Parties in writing.

21.     All persons to whom Confidential Discovery Material is disclosed pursuant to Subparagraphs 20(b)-20(k) above shall, prior to disclosure, be advised of the contents of this Stipulation and Order.  All persons to whom Confidential Discovery Material is disclosed solely pursuant to Subparagraphs 20(g)-20(k) shall be required to execute the Undertaking, evidencing their agreement to the terms of this Stipulation and Order.

22.     Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, Discovery Material designated as Highly Confidential Discovery Material may be disclosed only to the following persons:

(a)     the Court and court personnel, any appellate court in the Action, and jurors;

(b)     the Parties' in-house and outside counsel participating in the prosecution and defense of the Action and their legal, clerical, or support staff, including temporary or contract staff;

(c)     the members of the board of directors of Plaintiffs;

(d)     the members of the board of directors of DBNTC;

(e)     the following DBNTC employees (or any persons that may hold their respective positions in the future): Gary Vaughan, Managing Director and Head of Corporate Trust Americas Issuer Services, GTB – Institutional Cash & Securities Services (ICSS); David Co, Director and Head of ABS/MBS Trust & Document Custody, Institutional Cash & Securities

Services (ICSS); and Ronaldo R. Reyes, Vice President Institutional Cash & Securities Services (ICSS), GTB – Institutional Cash & Securities Services (ICSS);

      (f)    a non-party (including a former officer, director or employee of a Party) who authored or previously received the Highly Confidential Discovery Material; provided, however, that a person identified solely in this Subparagraph 22(f) shall not be permitted to retain copies of such Highly Confidential Discovery Materials;

      (g)    professional court reporters, stenographers, or video and/or audio operators transcribing, recording, or taping depositions or testimony in the Action;

      (h)    any mediator or arbitrator engaged by the Parties in connection with the Action;

      (i)    expert witnesses or consultants who are employed or retained by a Party in connection with the prosecution or defense of the Action, provided that counsel, in good faith, requires their assistance in connection with the Action, and further provided that any part of a report created by such expert or consultant relying on or incorporating Highly Confidential Discovery Material, in whole or in part, shall be designated as "Highly Confidential" by the Party responsible for its creation; and ***provided further*** that the experts or consultants may not use Highly Confidential Discovery Material to their business or competitive advantage or for any purpose that does not relate to the Action;

      (j)    deponents and witnesses or prospective deponents or witnesses (and counsel for such deponents or witnesses) to the extent reasonably believed by counsel to be necessary in connection with their testimony in the Action or the preparation thereof; provided, however, that a person identified solely in this Subparagraph 22(j) shall not be permitted to retain copies of such Highly Confidential Discovery Materials;

(k)   vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearing, including outside photocopying, data processing, graphic production services, litigation support services or investigators employed by the Parties or their counsel to assist in the Action, and information technology personnel performing duties in relation to a computerized litigation system;

(l)   the insurers and reinsurers of the Parties to these proceedings, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of the Action; and

(m)   any other person agreed to by the Parties in writing.

23.   All persons to whom Highly Confidential Discovery Material is disclosed pursuant to Subparagraphs 22(b)-22(m) above shall, prior to disclosure, be advised of the contents of this Stipulation and Order. All persons to whom Highly Confidential Discovery Material is disclosed solely pursuant to Subparagraphs 22(i)-22(m), shall be required to execute the Undertaking, evidencing their agreement to the terms of this Stipulation and Order.

24.   The terms "counsel," "expert," and "investigator" include their staff who are involved with, and reasonably necessary to assist, such counsel, expert, or investigator in the Action.

25.   Notwithstanding any of the foregoing, Parties shall not be required to obtain an executed Undertaking from a non-party deposition or trial witness (including a former officer, director or employee of a Party) before showing that non-party deposition or trial witness, during the course of his or her deposition or trial testimony, Confidential Discovery Material or Highly Confidential Discovery Material. A non-party deposition or trial witness shall not be permitted to retain copies of any Confidential Discovery Materials or Highly Confidential Discovery Materials shown to him or her during the course of his or her deposition or trial testimony.

- 15 -

26.     A Party may change the designation of any Discovery Material that contains Confidential Discovery Material or Highly Confidential Discovery Material produced by another Disclosing Party without a designation of "Confidential" or "Highly Confidential," or designate any Discovery Material produced as "Confidential" as "Highly Confidential," provided that such Discovery Material contains the upward designating Party's own Confidential Discovery Material or Highly Confidential Discovery Material.  Upward designations shall be accomplished by providing written notice to all Parties identifying (by production number, transcript line and page number, or other individually identifiable information) the Discovery Material whose designation is to be increased.  Promptly after providing such notice, the upward designating Party shall provide re-labeled copies of the Discovery Material to each Receiving Party reflecting the new designation.  The Receiving Party or Parties shall replace the originally designated Discovery Material with the newly designated material and shall destroy the incorrectly designated material.  Any Party may object to the upward designation of Discovery Materials pursuant to the procedures set forth in Paragraph 30 of this Stipulation and Order.  The upward designating Party shall bear the burden of establishing the basis for the enhanced designation.

27.     Each Receiving Party shall use due care with respect to the storage, custody, use, and/or dissemination of Confidential Discovery Material and Highly Confidential Discovery Material.  A person with custody of Discovery Material designated Confidential or Highly Confidential shall use commercially reasonable efforts to maintain them in a manner that limits access to those persons entitled under this Stipulation and Order to examine the Discovery Material so designated.

28.     Nothing herein shall restrict a qualified recipient from making working copies, abstracts, and digests, of Confidential Discovery Material or Highly Confidential Discovery Material for use in connection with this litigation, and such working copies, abstracts, and digests, shall be deemed to have the same level of protection as other Confidential Discovery Material or Highly Confidential Discovery Material.  Further, nothing herein shall restrict a qualified recipient from converting or translating such Confidential Discovery Material or Highly Confidential Discovery Material into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, in whatever form stored or reproduced, shall be limited to those qualified recipients set forth in Paragraphs 20 and 22.

29.     If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, shall, no later than five (5) business days after receiving such subpoena or request, give written notice to the Disclosing Party and include with such notice a copy of the subpoena or request.  The person to whom the subpoena or request is directed also shall make all reasonable good faith efforts to provide to the Disclosing Party a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Discovery Materials, before the person to whom the subpoena or request is directed takes any action to comply with the subpoena or request.  In no event shall such Discovery Materials subject to this Stipulation and Order be produced by a person receiving a subpoena or request without providing the Disclosing Party an

opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law.

30.     No Party shall be obligated to challenge the propriety of a designation of Discovery Materials as Confidential or Highly Confidential when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a Party objects to a designation of Discovery Materials as Confidential or Highly Confidential under this Stipulation and Order, the objecting Party shall notify the Disclosing Party in writing of that objection. Within seven (7) calendar days of the receipt of such notification, respective counsel for the Disclosing Party and the objecting Party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the Discovery Materials as Confidential or Highly Confidential. If, for whatever reason, the Parties do not resolve their disagreement within that time period, within fifteen (15) calendar days from the date of the notification, the Receiving Party may move the Court for a ruling on the Disclosing Party's designation of the Discovery Materials as Confidential or Highly Confidential. The Disclosing Party shall have the burden of showing that the Discovery Material is Confidential or Highly Confidential. While any such motion is pending, the Discovery Materials subject to that motion shall continue to be treated as Confidential or Highly Confidential. If the Receiving Party does not move the Court for a ruling on the Disclosing Party's designation of Discovery Materials as Confidential or Highly Confidential within fifteen (15) calendar days from the date of the notification (regardless of whether the Parties met and conferred on the subject), the Discovery Materials in question will remain designated as Confidential or Highly Confidential. In that event, the Receiving Party would be permitted to challenge the propriety of a designation of the same Discovery Materials as Confidential or Highly Confidential at a later time by re-starting the

process for doing so described above. Nothing in this Stipulation and Order shall be construed as preventing any Party from objecting to the designation of any Discovery Material as Confidential or Highly Confidential or preventing any Party from seeking further protection for any Discovery Material it produces in discovery.

31.     In the event that counsel for any Party or non-party determines to file in, or submit to, this Court any Confidential Discovery Material or Highly Confidential Discovery Material, information derived therefrom, or any papers containing or revealing such information, such Party or non-party shall file an application with the Court seeking permission to file the pages containing or revealing such Confidential Discovery Material or Highly Confidential Discovery Material in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of the Action and the words "CONFIDENTIAL MATERIAL SUBJECT TO STIPULATION AND PROTECTIVE ORDER" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court." A version of the filing in which the Confidential Discovery Material or Highly Confidential Discovery Material has been redacted shall be filed in the public record. All Discovery Materials filed under seal shall be available to the Court and to counsel for the Parties for viewing and/or copying. If filed under seal, the filing shall remain under seal unless otherwise ordered by the Court. Filing under seal shall be without prejudice to any Party's right to argue to the Court that such Discovery Material is not Confidential or Highly Confidential and need not be preserved under seal. While any challenge to the filing of a sealed document is pending, no Party shall make use in open court of

any documents that are subject to that motion to seal without the consent of the Disclosing Party or the permission of the Court.

32.     The Parties agree that they shall meet and confer concerning the potential use of any Confidential Discovery Material or Highly Confidential Discovery Material at any hearing, trial, or any other court appearance in the Action not fewer than seven (7) business days prior to any such hearing, trial, or court appearance.   Where a hearing, trial, or court appearance is scheduled on less than seven (7) business days notice, the Parties agree that they shall meet and confer as soon as practicable after receiving notice of such schedule, but in any event, not fewer than two (2) business days in advance of the hearing, trial, or court appearance.   The use of Confidential Discovery Material or Highly Confidential Discovery Material at a hearing, trial, or court appearance shall not cause such Discovery Material to lose its status as Confidential or Highly Confidential.   In the event that the Action proceeds to trial by jury, the Parties shall jointly seek guidance from the Court as to the handling of Confidential Discovery Material or Highly Confidential Discovery Material, including, but not limited to, redacting the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Stamp provided for herein before such Discovery Materials are displayed to the jury or moved into evidence at trial.

33.     After the termination of the Action (including after all appeals relating to the Action have been exhausted or the time to appeal has expired), this Stipulation and Order shall continue to be binding upon the Parties hereto, and upon all persons to whom Confidential Discovery Material or Highly Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the Parties for enforcement of this Stipulation and Order.

34.     Within one hundred (100) days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, the Parties to the Action shall take commercially reasonable efforts to see that all Discovery Material shall either be (a) destroyed and the Disclosing Party shall be provided with a certification stating that the Disclosing Party's Discovery Materials have been destroyed; or (b) returned, upon the request of the Disclosing Party.  As to those Discovery Materials that constitute counsel's work product, that were written discovery requests (*e.g.*, interrogatories, requests for admission, etc.) and any attachments thereto that were served in the Action, that were responses to written discovery requests and any attachments thereto that were served in the Action, that were filed with the Court, that were testimony transcripts, and/or that were marked as deposition or trial exhibits, counsel may retain such Discovery Materials if such counsel otherwise comply with this Stipulation and Order with respect to such retained Discovery Material.

35.     Each Party shall have the responsibility, through counsel, to advise the Disclosing Party promptly of any losses or compromises of the confidentiality of the Discovery Materials governed by this Stipulation and Order.  It shall be the responsibility of the Party that lost or compromised the Confidential Discovery Material or Highly Confidential Discovery Material of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure.

36.     Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own Discovery Materials that have been designated as Confidential or Highly Confidential pursuant to this Stipulation and Order.

37.     In addition, nothing in this Stipulation and Order shall prevent or in any way limit disclosure, use or dissemination of any Discovery Material that:

(a)  was, is, or becomes public knowledge, not in breach of this Stipulation and Order;

(b)  limits the Parties' use or disclosure of their own Discovery Materials that have been designated as Confidential Discovery Material or Highly Confidential Discovery Material; or

(c)  is acquired by a Party from a non-party having the right to disclose such Discovery Material or is learned by a Party as a result of that Party's own independent efforts, investigation or inquiry.

38.  A non-party from whom discovery is sought by the Parties to the Action may designate Discovery Materials as "Confidential" or "Highly Confidential" pursuant to and consistent with the terms of this Stipulation and Order.  Under such circumstances, Discovery Material designated "Confidential" or "Highly Confidential" by a non-party shall be afforded the same protections as Discovery Material so designated by a Disclosing Party, and all duties applicable to a Disclosing Party under this Stipulation and Order shall apply to a non-party designating Discovery Material "Confidential" or "Highly Confidential."  All obligations applicable under this Stipulation and Order to Parties receiving Confidential Discovery Material or Highly Confidential Discovery Material shall apply to any Party receiving Confidential Discovery Material or Highly Confidential Discovery Material from such non-party.

39.  In the event that additional persons become parties to the Action, such parties may join this Stipulation and Order by agreeing in writing to be bound by its terms and conditions and upon the unanimous written consent of the Parties to this Stipulation and Order.  In such event, the additional parties shall have access to Confidential Discovery Material or Highly

Confidential Discovery Material produced by, or obtained from, any Disclosing Party pursuant to this Stipulation and Order.

40.      This Stipulation and Order shall not be construed to affect or limit in any way the admissibility or use of any Discovery Material or other evidence, whether it is designated as Confidential or Highly Confidential at trial, in briefing or on a hearing concerning any dispositive motion (such as a summary judgment motion or other hearing of the Action), or to prejudice or limit in any way the rights of any Party to object to the authenticity, admissibility into evidence or use of any Discovery Material or other evidence at trial or a hearing.

41.      Subject to Paragraph 19, nothing in this Stipulation and Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on counsel's examination of Confidential Discovery Materials or Highly Confidential Discovery Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of the substance of the Discovery Material so designated except as otherwise provided in Paragraphs 20 and 22.

42.      This Stipulation and Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties, subject to approval of the Court, to modify this Stipulation and Order.

43.      This Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York. Any dispute between the Parties regarding this Stipulation and Order

shall be resolved by making an appropriate application to this Court in accordance with the rules thereof.

44.    This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation among the Parties immediately upon its execution.

Dated: December 12, 2019                    Respectfully submitted,


By:  /s/ John A. Libra
        David C. Frederick
        Scott K. Attaway
        Matthew M. Duffy
        KELLOGG, HANSEN, TODD, FIGEL &
        FREDERICK, P.L.L.C.
        Summer Square
        1615 M Street, N.W., Suite 400
        Washington, D.C. 20036
        Tel:  (202) 326-7900

        David H. Wollmuth
        Randall R. Rainer
        Michael C. Ledley
        Steven S. Fitzgerald
        WOLLMUTH MAHER & DEUTSCH LLP
        500 Fifth Avenue
        New York, NY  10110
        Tel: (212) 382-3300
        Fax: (212) 382-0050

        George A. Zelcs
        John A. Libra
        Max C. Gibbons
        Matthew C. Davies
        KOREIN TILLERY LLC
        205 North Michigan Avenue, Suite 1950
        Chicago, IL  60601
        Tel:  (312) 641-9750
        Fax:  (312) 641-9751

        Stephen M. Tillery
        KOREIN TILLERY LLC

505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel: (314) 241-4844
Fax: (314) 241-3525

*Attorneys for Plaintiffs National Credit Union
Administration Board, as Liquidating Agent, and
Graeme W. Bush, as Separate Trustee*

By: */s/ Bernard J. Garbutt III*
    Bernard J. Garbutt III
    Jawad B. Muaddi
    Grant R. MacQueen
    MORGAN, LEWIS & BOCKIUS LLP
    101 Park Avenue
    New York, NY 10178
    Tel: (212) 309-6000
    Fax: (212) 309-6001

*Attorneys for Defendant Deutsche Bank National
Trust Company*

February 13, 2020
NYNY

So ordered.

Sidney H. Stein
USDJ

EXHIBIT A

## UNDERTAKING REGARDING
## STIPULATION AND AGREED PROTECTIVE ORDER

I, _____, declare that:

1.      I have received a copy of the Stipulation and Agreed Protective Order, entered on

_____ (the "Stipulation and Order") in the action entitled *National Credit Union*

*Administration Board, et al. v. Deutsche Bank National Trust Company*, No. 14-cv-8919-SHS

(S.D.N.Y.) (the "Action"), and I have read and understand its provisions.

2.      I will comply with all of the provisions of the Stipulation and Order.  I will hold

in confidence, will not disclose to anyone other than those persons specifically authorized by the

Stipulation and Order and will not use for purposes other than for the Action any information or

materials designated "Confidential" or "Highly Confidential" that I receive in the Action, except

as otherwise permitted under the terms of the Stipulation and Order.


Dated: _____


_____

**O R D E R**

IT IS SO ORDERED.


DATED: _____

                                  _____
                                    THE HONORABLE SIDNEY H. STEIN
                                    UNITED STATES DISTRICT JUDGE