# Morgan Lewis

**Rollin B. Chippey, II**
Partner
+1.415.442.1726
rollin.chippey@morganlewis.com

May 12, 2022

**BY ECF**
Honorable Sidney H. Stein
United States District Court, S.D.N.Y.
500 Pearl Street, Room 1010
New York, NY 10007

**MEMO ENDORSED**

May 13, 2022
Application granted.
[signature]
SO, /s/ Sidney H. Stein
/SDS.

Re:   NCUA Board, et al. v. Deutsche Bank Nat'l Trust Co., No. 14-cv-8919

Dear Judge Stein:

We represent Defendant Deutsche Bank National Trust Company, solely in its capacity as trustee for certain residential mortgage-backed securitization trusts at issue, (the "Trustee") and we write to seek leave to file certain documents under seal or with redactions.

In accordance with the parties' December 21, 2021 joint letter regarding service of motion papers, Dkt. No. 280, the Court's December 22, 2021 Order, Dkt. No 281, and the Court's April 28, 2022 Order, Dkt. No. 292, the parties served their respective motion for summary judgment papers, and are to file their motion papers on the docket, along with any requests to file any materials under seal, by May 12, 2022.

Pursuant to the Court's April 28, 2022 Order, Dkt. No. 292, the parties have met and conferred regarding documents that should be filed under seal.

With this letter and the Joint Letter filed May 11, 2022, Dkt. No. 293 (the "Joint Letter"), the Trustee seeks the Court's permission (1) to redact or file under seal nonpublic personal borrower information found in the motion papers; (2) to file under seal complete documents that contain voluminous amounts of nonpublic personal borrower information; and (3) to redact or file under seal nonpublic information regarding nonparties in the exhibits and the motion papers.

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA  94105-1596     ☏ +1.415.442.1000
United States                     ☏ +1.415.442.1001

Rollin B. Chippey II
May 12, 2022
Page 2

## I.  Exhibits Containing Voluminous Amounts of Nonpublic Personal Borrower Information

Pursuant to the Joint Letter, the Trustee seeks the Court's permission to file additional documents under seal for nonpublic personal borrower information found in the motion papers. The Trustee seeks to add the following documents to Exhibit A and to file them under seal:

Shapiro Ex. 51
Shapiro Ex. 52
Shapiro Ex. 53
MacQueen Ex. 16 (excels)
MacQueen Ex. 56

As stated in the Joint Letter, to the extent these documents contain information that is not personal identifiable information, the documents are so voluminous as to make redactions impracticable.

We understand that NCUA takes no position on the request.

## II.  Exhibits and Motion Papers Containing Information About Non-Parties

The Trustee seeks to file four exhibits under seal: Reyes Ex. 9, Reyes Ex. 14, Reyes Ex. 15, and Reyes Opp. Ex. 44. The Trustee submits that such an order is generally appropriate where the Confidential Information contains confidential or commercially sensitive information, including non-public personal information, strategies, and investment information and processes. Courts may, for good cause, issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Courts enjoy "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." Geller v. Branic Int'l Reality Co., 212 F.3d 734, 738 (2d Cir. 2000). In considering whether to allow parties to file documents under seal, the Court must determine whether the interest in public access to the documents outweighs the privacy interests of the party seeking to file the documents under seal. See Lugosch v Pyramid Co. of Onodonaga, 435 F.3d 110, 119-20 (2d Cir. 2006).

In particular confidential information about non-party entities may be sealed. Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P., No. 13 CIV. 1654 RA HBP, 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015) (finding that "Defendants have demonstrated that the New Redactions contain confidential information concerning an agreement with a non-party entity and that the interests of defendants and the non-party entity in maintaining the confidentiality of the information appear to outweigh the public interest in access to the

Rollin B. Chippey II
May 12, 2022
Page 3

judicial documents"); see also Alexander Interactive, Inc. v. Adorama, Inc., 12 Civ. 6608(PKC)(JCF), 2014 WL 4346174 at *2 (S.D.N.Y. Sept. 2, 2014) (allowing documents containing confidential information concerning the business relationship between defendant and a non-party entity to be filed under seal). The documents that the Trustee wishes to seal either have confidentiality provisions that specifically prohibit the disclosure of the agreements' terms, negotiation, and existence (Reyes Ex. 9 and Reyes Opp. Ex. 44) or have current financial information about non-party entities (Reyes Ex. 14 and Reyes Ex. 15). Redactions to references to these documents in the motion papers are narrowly tailored to protect the confidential information.

We understand that NCUA takes no position on the request.

## Conclusion

The Trustee respectfully requests the Court grant the Trustee's motions (1) to redact or file under seal nonpublic personal borrower information found in the motion papers; (2) to file under seal complete documents that contain voluminous amounts of nonpublic personal borrower information; and (3) to redact or file under seal nonpublic information regarding nonparties in the exhibits and the motion papers. The Trustee is available at the Court's convenience if the Court has any questions.

Respectfully Submitted,
*Rollin B. Chippey, II*