May 10, 2022

**Via ECF**

**MEMO ENDORSED**

Honorable Sydney H. Stein
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *NCUA, et al. v. Deutsche Bank National Trust Co.*, No. 14-cv-8919-SHS

Dear Judge Stein:

We represent the parties in the above-referenced action and write jointly to seek leave to file certain materials with redactions or under seal. Plaintiffs and Defendant (the "Parties") have engaged in discussions regarding the appropriate scope of redaction of confidential information and have reached agreement. The Parties write jointly to respectfully request permission to file portions of the Parties' summary judgment motions and the accompanying exhibits (the "Motion Papers") with redactions or under seal.

The Parties seek the Court's permission to (1) redact or file under seal nonpublic personal borrower information found in the Motion Papers; (2) file under seal complete documents that contain voluminous amounts of nonpublic personal borrower information; and (3) publicly file documents containing full loan numbers where those loan numbers are not connected to any nonpublic personal borrower information. Notably, Judge Netburn and Judge Schofield each granted nearly identical requests in *NCUA, et al. v. Wells Fargo Bank, N.A.* Case No. 14-cv-10067-KPF-SN, ECF 526 (S.D.N.Y.) and *NCUA, et al. v. HSBC Bank, N.A.*, No. 15-cv-02144-LGS-SN (S.D.N.Y.).

### Discussion

Courts may, for good cause, issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Courts enjoy "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." *Geller v. Branic Int'l Reality Co.*, 212 F.3d 734, 738 (2d Cir. 2000). In considering whether to allow parties to file documents under seal, the Court must determine whether the interest in public access to the documents outweighs the privacy interests of the party seeking to file the documents under seal. *See Lugosch v Pyramid Co. of Onodonaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Specifically with respect to personal financial information, courts have found such information private and granted motions to seal. *See Strauss v. Credit Lyonnais, S.A.*, No. 06-cv-702, 2011 WL 4736359, at *4 (E.D.N.Y. 2011) ("Both financial records and certain reports by banks to government authorities have historically not been subject to public access in the United States"); *United States Sec. & Exch. Comm'n v. Ahmed*, No. 15-cv-675, 2018 WL 4266079, at *2 (D. Conn. 2018) ([F]inancial records…are among those privacy interests which may support sealing of documents) (internal quotations omitted); *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 629 (S.D.N.Y. 2011) (listing "sensitive personal financial information" as a

category of financial information that is sufficient to overcome the presumption of public access) (citations omitted).

### I. Nonpublic Personal Borrower Information

The parties seek to redact nonpublic borrower information that appears in the Motion Papers. The Gramm-Leach Bliley Act ("Gramm-Leach-Bliley") requires that, as a general rule, "financial institution[s] [] not disclose nonpublic personal information to a nonaffiliated third party." Gramm-Leach-Bliley, § 502 (b)(1), 15 U.S.C. § 6802(b)(1). Likewise, federal courts recognize the need to protect the personal identifiable information of non-affiliated third parties. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing redaction of information relating to "customer names, account numbers, and pricing information"); *see also SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, No. 14-cv-2270, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (allowing redaction of customer information that is "not relevant to the parties' legal dispute and implicate legitimate privacy interests"). The Parties therefore request to redact or file under seal nonpublic borrower information.

### II. Exhibits Containing Voluminous Amounts of Nonpublic Personal Borrower Information

The Parties seek leave to file documents under seal, including Excel spreadsheets and PDF documents listed in Exhibit A (the "Exhibit A Documents"), which relate to loan files and contain nonpublic personal borrower identifiable information throughout the entirety of the documents. The Parties seek to seal the Exhibit A Documents in their entirety because, to the extent that the documents contain information that is not personal identifiable information, the documents are so voluminous as to make redactions impracticable. In determining whether to allow parties to file documents under seal, rather than redact them, courts in the Second Circuit have allowed for documents to be filed under seal if, following the application of redactions, the "remainder of [a] document provides minimal information." *Strauss*, 2011 WL 4736359, at *6; *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11-cv-1209, 2013 WL 4012772, at *8 (D. Conn. 2013) ("[T]he contents of the two Exhibits to be sealed in their entirety make redaction impracticable."); *United States v. Amodeo*, 71 F.3d 1044, 1053 (2d Cir. 1995) (redaction was not viable since redactions would include "virtually the entire text").

In addition, many exhibits with nonpublic borrower information contain voluminous granular data (such as lengthy lists of alleged mortgage file exceptions, breach narratives, and rebuttals) that also should be filed completely under seal given the excessive burden of creating redactions. For such granular and voluminous data materials, the Parties' respective experts have presented aggregate analyses in their expert reports that encapsulate all such relevant granular data, which along with the legal briefs that discuss those aggregate analyses will be filed publicly on the ECF docket, thus satisfying the public's interest in access to judicial documents. And, to the extent the expert reports or legal briefs discuss an illustrative alleged breach or

granular data point, those discussions will be publicly filed on ECF. In another residential mortgage-backed securities case, the Seventh Circuit granted a motion to seal complete documents without redactions based on these very same grounds. *See* Exhibit B hereto (Joint Motion at 3-4: "The parties propose that these exhibits be maintained completely under seal in this Court. Redacting such documents would be laborious, redacted versions of such granular data would make little sense to a reader, and expert witnesses in any event have provided aggregate analyses of loans in expert reports that are not proposed to be sealed."); Exhibit C hereto (Order at 2, granting motion).

The Parties thus seek to file the Exhibit A Documents completely under seal, rather than redact them, because of the significant burden of reviewing such voluminous documents when compared to the relatively marginal benefit to the public of viewing these documents with redactions, and because any granular data are subsumed in the aggregate data analyses that will be filed publicly.

### III. Exhibits Containing Loan Numbers Without Any Other Personal Borrower Identifiable Information

Many documents cited by the Parties in their Motion Papers contain references to a loan number, without a connection to personal identifiable information such as borrower names, addresses, or other information by which the borrower could be identified. Such a loan number, without more, cannot reasonably be used to uncover personal identifiable information. Accordingly, the Parties jointly seek leave to publicly file such documents without redacting these loan numbers, which would be burdensome and unnecessary given the size of the record.

*First*, a number of courts have published RMBS or other loan numbers in their entirety in judicial opinions and orders, implicitly concluding that such loan numbers, without more, would not reasonably reveal a borrower's identity. *See, e.g., U.S. Bank v. UBS*, 205 F. Supp. 3d 386, 478 (S.D.N.Y. 2016) ("The Court makes the following findings as to the specifically identified loans: A. Loan 1456451."); *UBS Real Estate Secs. v. Cty. Trust Mortg. Bankers*, 2008 WL 4566288, at *1 (S.D.N.Y. 2008) ("Two of these five loans, identified as UBS Loan ID numbers 777021609 and 777013706, were re-sold at a loss of $294,714.43."); *In re ResCap Liquidating Trust Litig.*, 2020 WL 4728109, at *25-*33 (D. Minn. 2020) (reviewing detailed re-underwriting findings for many complete loan numbers); *id.* at *25 ("Loans []4115211, 4550405, 4413350, 4375505, 4962418, 4117058, and 4380515."); *Radiance Capital Receivables v. MBO Investments*, 2019 WL 330463, at *6 & n.10 (E.D. Mo. 2019) ("Each time the Note changed hands it was assigned a new identifying number [setting out those numbers]."); *Matter of Nelson*, 2015 WL 13672410, at *1 n.1 (Bankr. S.D. Iowa 2015) ("Loan number 20050575 dated July 25, 2011; loan number 20052550 dated June 5, 2012; loan number 20052560 dated June 5, 2012; loan number 20052760 dated July 5, 2012 and loan number 20052940 dated August 9, 2013.").

*Second*, one court in this District has reasoned expressly in the RMBS context that a loan number without more would not logically reveal the borrower's identity. *See United States ex rel. Amico v. Citigroup, Inc.*, 2015 WL 13814187, at *2 (S.D.N.Y. 2015) ("The Registration Statements included a prospectus, prospectus supplement, and other documents including the pooling and servicing agreement, mortgage loan purchase agreement, underwriting agreement, and loan tapes. The loan tapes listed the loans within the RMBS loan pool with columns of figures for each loan. The headings of these columns, however, were either abbreviated or not defined, and the loans were identified by loan number only. *Thus, the identity of the borrower and property of each loan was not readily apparent from the loan tapes*." (emphasis added; citations omitted)).

*Third*, in another residential mortgage-backed securities case, Seventh Circuit concluded that bare loan numbers (even when associated with a lender) need not be redacted or filed under seal. *Compare* Ex. B (Joint Motion at 5, describing such as Category 5 documents: "The parties have considered a document to contain [nonpublic borrower information] when it has enough information to identify a particular borrower by name or address. The parties therefore have excluded a number of documents that list or discuss individual loans by lender and loan number, without more. Such isolated data points would not seem reasonably capable of being used to identify a particular borrower. The parties nevertheless identify such documents here for the convenience of the Court, in the event the Court finds that they merit protection as well.") *with* Ex. C (Order at 2: Category 5 documents not required to be sealed or redacted).

*Finally*, under the factual circumstances presented by these Motions and in view of the substantial authorities just cited, Federal Rule of Civil Procedure 5.2(a)(4) — which provides that, "in an electronic or paper filing with the court that contains . . . a financial-account number, a party or nonparty making the filing may include only ... the last four digits of the financial-account number" — is inapplicable here. Among other things, the purpose of Rule 5.2(a)(4) is to "to protect privacy and security concerns relating to electronic filing of documents." Fed. R. Civ. P. 5.2 advisory committee note to 2007 adoption (quoting E-Government Act of 2002, Public Law 107-347 § 205(c)(3)). The Parties agree that, with respect to these Motions only, publishing loan numbers, without more, does not implicate privacy or security concerns. Accordingly, we respectfully suggest that Rule 5.2(a)(4) should not apply to loan numbers without other borrower information for these Motions.

### Conclusion

The Parties respectfully request the Court grant the Parties' motions to (1) redact or file under seal nonpublic personal borrower information found in the Motion Papers; (2) file under seal complete documents that contain voluminous amounts of nonpublic personal borrower information; and (3) publicly file documents containing full loan numbers where those loan numbers are not connected to any nonpublic personal borrower information. We are available to

Dated: New York, New York
May 13, 2022

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.