UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                        :

NATIONAL CREDIT UNION
ADMINISTRATION BOARD, as Liquidating
Agent, et al.,

                Plaintiffs,

    -against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

                Defendant.

------------------------------------------------------------ X

No. 14-cv-8919-SHS

**STIPULATION AND [PROPOSED] ORDER
RESOLVING PLAINTIFFS' MOTION FOR CLARIFICATION OR, IN THE
ALTERNATIVE, RECONSIDERATION (DKT.## 479-481) AND CERTAIN ASPECTS
OF DEFENDANT'S MOTION TO RECONSIDER AND/OR REVISE (DKT.## 482-483)**

WHEREAS, on August 15, 2025, the Court issued an Opinion & Order (Dkt.# 476, the "Order") resolving Plaintiffs' and Defendant's summary judgment motions;

WHEREAS, on September 12, 2025, Plaintiffs filed a "Motion for Clarification or, in the Alternative, Reconsideration" (Dkt.## 479-481; "Plaintiffs' Recon. Motion"); and

WHEREAS, on September 12, 2025, Defendant filed a "Motion to Reconsider and/or Revise" (Dkt.## 482-483; "Defendant's Recon. Motion"); and

WHEREAS, the parties now wish to resolve Plaintiffs' Recon. Motion and two sections of Defendant's Recon. Motion without further briefing;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

**A.**    *Plaintiffs' Recon. Motion*

1.    The Order is hereby amended to add the following additional language, as indicated below in blue, underlined text, on page 20:

Deutsche Bank similarly contends that it took repurchase actions against several warrantors and responsible document defect parties that went bankrupt. Specifically, Deutsche Bank points out that New Century, American Home, Accredited, Indy Mac, and First NLC all went bankrupt (or entered receivership) between 2007 and 2009. (Deutsche Bank 56.1 ¶¶ 148, 174, 197, 219, 234; NCUA Counter 56.1 ¶¶ 148, 174, 197, 219, 234.) Deutsche Bank filed proofs of claims in those bankruptcies or receivership proceedings. (Deutsche Bank 56.1 ¶¶ 153-58, 179-85, 202-06, 222-26, 240-245; NCUA Counter 56.1 ¶¶ 153-58, 179-85, 202-06, 222-26, 240-245; Deutsche Bank Reply 56.1 ¶¶ 153-58, 179-85, 202-06, 222-26, 240-245.) Deutsche Bank contends that filing these proofs of claims constitutes repurchase action and thus these claims must be dismissed.

NCUA concedes that these warrantors filed for bankruptcy and otherwise does not contest that Deutsche Bank fulfilled its duty with respect to the loans guaranteed by these warrantors. NCUA instead urges that the claims related to these loans must proceed to trial because each of the trusts containing loans with warrantors and/or responsible document defect parties that went bankrupt also had loans guaranteed by warrantors that remained solvent. (NCUA 56.1 ¶¶ 151-289.) However, at this stage, NCUA "must present evidence that proves a specific breach of a [R&W or document defect] as to any loan or trust for which plaintiffs allege there was a breach." *Phoenix Light – BNYM*, 2017 WL 3973951, at *8. Because NCUA fails to do so here and will ultimately bear the burden of proof at trial, these claims are dismissed.

**For the avoidance of doubt, the Court clarifies that this aspect of Deutsche Bank's summary judgment motion pertains only to loans for which New Century, American Home, Accredited, Indy Mac, or First NLC was a warrantor and/or responsible document defect party. Deutsche Bank does not seek a trust-level ruling on this issue and the Court does not intend for this to be a trust-level ruling. Therefore, on this basis, the Court only dismisses: (1) NCUA's R&W Breach Claims as to loans for which New Century, American Home, Accredited, Indy Mac, or First NLC were warrantors; and (2) NCUA's Document Defect Claims as to loans for which New Century, American Home, Accredited, Indy Mac, or First NLC were responsible document defect parties.**[1]

2.  Upon the Court's entry of this Stipulation and Order, Plaintiffs' Recon. Motion is withdrawn.

---

[1] Unless otherwise stated, all terms in Paragraphs 1, 3, and 4 carry the same meaning as in the Order.

### B.  *Defendant's Recon. Motion*

3.  The Court grants Section II of Defendant's Recon. Motion.  Accordingly, the Court dismisses NCUA's remaining post-EOD claims for the MSAC 2006-HE2 and SVHE 2005-B trusts.

4.  The Court grants Section III of Defendant's Recon. Motion.  Accordingly, the Court dismisses:

   a.  NCUA's post-EOD claims for the HVMLT 2006-5, HVMLT 2006-9, and MSAC 2007-NC4 trusts;

   b.  NCUA's post-EOD R&W Breach Claims as to loans for which New Century, American Home, Accredited, Indy Mac, or First NLC were warrantors; and

   c.  NCUA's post-EOD Document Defect Claims as to loans for which New Century, American Home, Accredited, Indy Mac, or First NLC were responsible document defect parties.

5.  Sections I and IV of Defendant's Recon. Motion remain pending before the Court.

### C.  *No Waiver of Appellate Rights*

6.  This Stipulation and Order is not intended to waive any party's right to appeal the Order.  All appellate rights are expressly preserved.

| | |
|---|---|
| Dated: October 7, 2025 | Respectfully submitted, |
| KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C. | MORGAN, LEWIS & BOCKIUS LLP |
| By: */s/ Matthew M. Duffy* <br> Matthew M. Duffy <br> 1615 M Street, N.W., Suite 400 <br> Washington, DC 20036 <br> (202) 326-7900 <br> mduffy@kellogghansen.com | By: */s/ Bernard J. Garbutt III* <br> Bernard J. Garbutt III <br> 101 Park Avenue <br> New York, NY 10178-0060 <br> (212) 309-6000 <br> bernard.garbutt@morganlewis.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant Deutsche Bank National Trust Company* |

Dated: New York, New York
       October __, 2025

                      SO ORDERED:

                       _____
                              Sidney H. Stein
                           United States District Judge