UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL CREDIT UNION
ADMINISTRATION BOARD, et al.,

        Plaintiffs,

  -against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

        Defendant.

No. 14-cv-8919-SHS

---

**REPLY MEMORANDUM OF LAW OF DEFENDANT
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE, IN SUPPORT OF ITS MOTION TO RECONSIDER AND/OR REVISE
CERTAIN ASPECTS OF THE COURT'S AUGUST 15, 2025, OPINION & ORDER**

Bernard J. Garbutt III
Michael S. Kraut
Grant MacQueen
Nathan T. Shapiro
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel.:   (212) 309-6000
Fax.:   (212) 309-6001

Attorneys for Defendant
Deutsche Bank National Trust Company, as Trustee

# **TABLE OF CONTENTS**

                                                                  **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ............................................................................................................................ 1

I.     THE "DEPOSITOR DIRECTION" DECISION WAS CLEARLY ERRONEOUS ......... 1

        A.     The Prevention Doctrine Is Inapplicable ................................................. 1

        B.     The PSAs Do Not Impose Upon The Trustee Any Duty To Decide Materiality ............................................................................................... 2

        C.     Under IKB-WF, The Court May Not Impose Implicit Pre-EOD Duties Upon The Trustee .................................................................................... 3

II.    THE TRUSTEE SHOULD BE ALLOWED TO RENEW ITS SUMMARY JUDGMENT MOTION ABOUT DOCUMENT DEFECT MATERIALITY IF THE COURT EXCLUDES BLUM'S TESTIMONY ....................................................... 6

CONCLUSION ........................................................................................................................ 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Finkelstein v. U.S. Bank, Nat'l Ass'n,
   219 A.D.3d 401 (1st Dep't 2023) ...........................................................................................5

IKB Int'l, S.A. v. Wells Fargo Bank, N.A. ("IKB-WF"),
   40 N.Y.3d 277 (2023) ...............................................................................................1, 3, 4, 5

In re Part 60 Put-Back Litig.,
   36 N.Y.3d 342 (2020) ..............................................................................................................4

Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Tr. Co. ("PL-DB"),
   585 F.Supp.3d 540 (S.D.N.Y. 2022) ....................................................................................2, 3

Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co. ("RP-DB"),
   2016 WL 439020 (S.D.N.Y. Feb. 3, 2016) ...........................................................................2, 3

U.S. Bank Nat'l Ass'n v. DLJ Mortg. Cap.,
   38 N.Y.3d 169 (2022) ..............................................................................................................5

The Trustee[1] submits this reply in further support of Sections I and IV of its motion to reconsider and/or revise the Order ("Trustee-Recon.-Mot.").

## ARGUMENT

### I.  THE "DEPOSITOR DIRECTION" DECISION WAS CLEARLY ERRONEOUS

Whether NCUA's pre-EOD claims for the four "Depositor Direction" Trusts[2] should be dismissed turns on whether the Trustee had a pre-EOD duty to decide the materiality of alleged breaches and defects.  NCUA identified no such duty in the PSAs.  The Court found that "Deutsche Bank disclaims any responsibility to decide materiality.  … Neither party, however, identifies to whom the PSAs assign that responsibility," yet denied the Trustee's motion based on issues of fact.  Order, 11-13.

That ruling was clearly erroneous because this is an issue of law, not fact, and NCUA failed to meet its burden to establish the Trustee's duty.  The PSAs are silent about which party (if any) has a duty to decide materiality.  Under clear Court of Appeals authority, if a PSA does not impose an express duty upon the Trustee, this Court may not imply such a duty.  IKB-WF, 40 N.Y.3d 277, 285-88 (2023).

#### A.    The Prevention Doctrine Is Inapplicable

NCUA concedes that the Trustee's duty to take Repurchase Actions was subject to a condition precedent—Depositor direction—that never occurred.  Trustee-Recon.-Memo, 1-3; NCUA-Recon.-Opp., 3.  NCUA relies upon the prevention doctrine: "Deutsche Bank failed to notify the depositors of breaches," so "the prevention doctrine excuses the depositors' failure to direct the trustee to take repurchase action."  NCUA-Recon.-Opp., 3.  NCUA is wrong.

---

[1]    Unless otherwise stated, all capitalized terms and citing conventions are as in the Trustee's moving brief, Dkt.# 483 ("Trustee-Recon.-Memo").  NCUA's opposition brief, Dkt.# 488, is "NCUA-Recon.-Opp."

[2]    MSAC 2005-HE7, MSAC 2006-HE2, MSAC 2006-HE7, and SVHE 2005-B.

"The prevention doctrine applies where the party seeking to rely on the non-existence of a condition precedent (i) had a duty to bring about the condition precedent or (ii) actively frustrated its occurrence." Order, 22. The second prong—active frustration—is inapplicable. NCUA never argued it and the Court did not find it. In any event, an omission "is not 'active conduct' within the meaning of the prevention doctrine." PL-DB, 585 F.Supp.3d 540, 592 (S.D.N.Y. 2022) (Koeltl, J.) (rejecting prevention-doctrine argument on this issue); Order, 22-23 (omissions not "active conduct" absent evidence of "intention[]" or "active frustration").

Under the first prong, NCUA had to establish that the Trustee failed to satisfy a "duty to bring about" Depositors' directions. The PSAs impose one relevant duty: upon discovery, the Trustee must notify the other parties to the PSA, including the Depositor. E.g., MSAC 2005-HE7 PSA (ShapEx. 29, Dkt.# 311-11) §§ 2.03(f)-(g). The Trustee indisputably provided the Depositors with all the information the Trustee received, including all breach- and defect-related documents. Trustee-Recon.-Memo, 3; NCUA-Recon.-Opp., 3. Based on this same evidence, Judge Koeltl rejected an identical prevention-doctrine argument, holding that investor plaintiffs did not meet their burden to establish that the Trustee failed to notify depositors. PL-DB, 585 F.Supp.3d at 592. This Court should reach the same conclusion.

### B.    The PSAs Do Not Impose Upon The Trustee Any Duty To Decide Materiality

The Court denied summary judgment based on NCUA's argument that the Trustee's notices to Depositors were insufficient "because they do not identify if any of the alleged breaches or other defects were material." Order, 12-13. But as the Court found, "[n]either party … identifie[d] to whom the PSAs assign" the duty to "decide materiality." Order, 13. NCUA, as plaintiff, had the burden to establish that duty. Trustee-Recon.-Memo, 4. NCUA's failure to meet its burden is dispositive.

NCUA mischaracterizes Royal Park v. DBNTC, 2016 WL 439020, *5 (S.D.N.Y. Feb. 3,

2016) ("RP-DB"), by suggesting—for the first time—that the court evaluated the content of notices to depositors and "held [that] 'adequate notice' includes informing the depositor of 'the need to act.'" NCUA-Recon.-Opp., 3-4. Neither is true. In RP-DB, the court denied a motion to dismiss by assuming the trustee did not provide any notices. Id., *5. NCUA's "need to act" quotation comes from the court's characterization of the plaintiff's arguments, not a holding about a notice's required content. Id. As Judge Koeltl held, RP-DB is "inapposite" on summary judgment because "Plaintiffs have failed to satisfy their burden of showing that DB failed to provide depositors with the relevant notices." PL-DB, 585 F.Supp.3d at 592 n.43; T-SJ-Opp., 10 n.23 (distinguishing RP-DB).

### C. Under IKB-WF, The Court May Not Impose Implicit Pre-EOD Duties Upon The Trustee

Although NCUA identifies no PSA provision that expressly requires the Trustee to decide materiality, NCUA argues the PSAs implicitly impose such a duty upon the Trustee. NCUA-Recon.-Opp., 4-8. But as the Court of Appeals held, courts may not impose implicit duties upon RMBS trustees. IKB-WF, 40 N.Y.3d at 285-88. NCUA's efforts to avoid IKB-WF fail.

**First**, NCUA argues that IKB-WF "did not specifically address the contract language at issue here" and the Trustee never "suggest[ed] … that the case had anything to say about the enforcement language in these Trusts." NCUA-Recon.-Opp., 4-5. That is wrong. The Trustee explained, in its supplemental authority notice, that IKB-WF "confirmed several points of PSA contractual interpretation that the Trustee has been arguing," which "are entirely supportive of the Trustee's positions on PSA interpretation in the parties' SJ motions, and contrary to NCUA's." Dkt.# 457 at 2 & n.5 (citing pages in summary judgment briefs addressing these issues). One such point is that "[r]eading [PSA] language to impose an implicit duty would

require us to disregard the numerous contractual provisions expressly limiting the Trustee's duties to 'only such duties as are specifically set forth in this Agreement' and prohibiting the imposition of implied duties." Id., 2 (quoting IKB-WF, 40 N.Y.3d at 287-88).

**Second**, NCUA argues that the Trustee's notices were "ineffectual and insufficient" because they "were sent to warrantors, merely copying the depositor without alerting them in any way of the need for action." NCUA-Recon.-Opp., 3 (emphasis NCUA's); id., 5. NCUA never argued this on summary judgment. N-SJ-Mem., 14-15; N-SJ-Opp., 2; N-SJ-Reply, 6-7. In any event, the PSAs require the Trustee to notify all the parties to the PSA, including the Depositor, which it indisputably did. E.g., MSAC 2005-HE7 PSA §§ 2.03(f)-(g).

**Third**, NCUA argues that the Trustee "expected the warrantors themselves to pick out the material items from long lists of breaches, and report that back to the depositor who would, in turn, demand the trustee to enforce." NCUA-Recon.-Opp., 5. Not so. The PSAs called for the Trustee to notify the other PSA parties, including the Depositor, and for the Depositor to direct the Trustee. A PSA "means what it says." In re Part 60 Put-Back Litig., 36 N.Y.3d 342, 348 (2020). The Trustees sent notices directly to the Depositors. Warrantors were not asked to identify material breaches for Depositors. NCUA also criticizes the Trustee for "asking the warrantors to voluntarily identify which defects were material," NCUA-Recon.-Opp., 5, but the Trustee relies on the Depositors' lack of direction—not warrantors'—as the PSA permits.

**Fourth**, NCUA cites "nose to the source" caselaw regarding the meaning of "discover." NCUA-Recon.-Opp., 6-7. But this motion is not about whether the Trustee "discovered" anything. It assumes the Trustee "discovered" alleged breaches and defects. NCUA has never argued that "nose to the source" caselaw has any bearing on this issue—whether the Trustee had a duty to identify for Depositors which alleged breaches and defects were material—and the

-4-

PSAs impose no such explicit duty upon the Trustee. Therefore, the line of "nose to the source" caselaw (all of which pre-dates IKB-WF, which established just how limited the pre-EOD duties of RMBS trustees are) is irrelevant.

**Fifth**, NCUA argues that the Trustee's interpretation is "commercially unreasonable" and "absurd," because it "would render the exceptions reports essentially pointless and would result in the creation of lists of breaches that no one was required to address." NCUA-Recon.-Opp., 6-7. But "the parties to a contract are basically free to make whatever agreement they wish, and freedom of contract prevails in an arm's length transaction between sophisticated parties such that courts generally may not relieve them of the consequences of their bargain." U.S. Bank Nat'l Ass'n v. DLJ Mortg. Cap., 38 N.Y.3d 169, 178 (2022) (cleaned up). RMBS investors, including NCUA, have repeatedly argued that PSA interpretations that limit repurchase protocols and investor protections—including interpretations that result in no PSA party having a particular duty—are commercially unreasonable.[3] The Court of Appeals has repeatedly rejected those arguments. DLJ, 38 N.Y.3d at 176-83; IKB-WF, 40 N.Y.3d at 284-90; Dkt.# 445 at 1-2 (Trustee's response to NCUA supplemental authority notice).

New York's appellate courts are clear that PSAs need not assign any party a particular duty. Trustee-Recon.-Memo, 5-6; IKB-WF, 40 N.Y.3d at 288-89; Finkelstein v. U.S. Bank, Nat'l Ass'n, 219 A.D.3d 401, 402 (1st Dep't 2023) (The trustee's duty to "identify[] document defects[] do[es] not create a document defect enforcement duty. Such a duty may not be implied from the structure of the agreements."); Dkt.# 463 at 2 (Trustee's letter, quoting Finkelstein).

\*  \*  \*

---

[3] Dkt.# 353-1 (NCUA Amicus Brief in DLJ), 4, 8, 12-13; CXA-13 Corp. Amicus Br., DLJ, APL 2020-0018 (N.Y. Ct. App. Dec. 23, 2021), 11-27; IKB Br., IKB-WF, APL 2022-00165 (N.Y. Ct. App. Mar. 6, 2023) 14, 18-19, 25, 30-32.

NCUA failed to establish that the Trustee had a duty to assess materiality and identify which alleged breaches and defects were material. That ends the analysis. NCUA's claims should be dismissed.

## II. THE TRUSTEE SHOULD BE ALLOWED TO RENEW ITS SUMMARY JUDGMENT MOTION ABOUT DOCUMENT DEFECT MATERIALITY IF THE COURT EXCLUDES BLUM'S TESTIMONY

NCUA concedes (by silence) that its only "evidence" that any Document Defect was material is the contemplated testimony of its expert, Leonard Blum. NCUA discusses "evidence of notice and discovery," NCUA-Recon.-Opp., 8, but that is a non-sequitur. To be clear, Exception Reports do not identify which Document Defects are material. T-SJ-Mem., 6. If Blum is excluded, NCUA will have no evidence of materiality. T-SJ-Mem., 6. Therefore, if the Court grants the Trustee's fully briefed Daubert motion, the Trustee wishes to renew its summary judgment argument that NCUA lacks evidence that the Trustee discovered material Document Defects. T-Recon.-Mem., 10-11.

The Trustee does not seek a substantive ruling, or to pre-litigate that hypothetical renewed motion. So long as that motion would be timely, the Trustee's request is satisfied.

## CONCLUSION

The Court should grant the Trustee-Recon.-Mot. and grant the Trustee partial summary judgment as to the claims and Loans addressed herein.

Dated: New York, New York    Respectfully submitted,
      October 17, 2025    MORGAN, LEWIS & BOCKIUS LLP
          By: *Bernard J. Garbutt III*

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rules 6.3 and 7.1(c), I, Nathan T. Shapiro, hereby certify that this Reply Memorandum of Law of Defendant Deutsche Bank National Trust Company, as Trustee, in Support of Its Motion to Reconsider and/or Revise Certain Aspects of the Court's August 15, 2025, Opinion & Order consists of 1,733 words, which complies with the word-count limitation set forth in Local Civil Rule 6.3.

Dated: New York, New York  
       October 17, 2025

Respectfully submitted,  
MORGAN, LEWIS & BOCKIUS LLP  
By: *Nathan T. Shapiro*