UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

NATIONAL CREDIT UNION
ADMINISTRATION BOARD, as Liquidating
Agent, et al.,

     Plaintiffs,

  -against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

     Defendant

-------------------------------------------------------------- X

No. 14-cv-8919-SHS

**STIPULATION AND [PROPOSED] ORDER**
**REGARDING PHASE TWO SCHEDULE**

WHEREAS, the Court ordered this case to proceed in two phases, *see* Stipulation and Scheduling Order, Dkt. 205 (Jul. 6, 2020);

WHEREAS, the Court resolved Phase One motions for summary judgment in its Opinion & Order, Dkt. 476 (Aug. 15, 2025); *see also* Stipulation and Order, Dkt. 487 (Oct. 9, 2025); Order, Dkt. 490 (Oct. 28, 2025);

WHEREAS, the Court resolved Phase One motions to preclude expert testimony in its Opinion & Order, Dkt. 491 (Mar. 2, 2026);

WHEREAS, the July 6, 2020 Scheduling Order Stipulation and Scheduling Order provided that "In Phase 2 – following resolution of any Phase 1 dispositive motions – the Parties will complete any remaining non-party Loan File Discovery, take expert discovery concerning loan-level re-underwriting, damages, and any remaining issues, and, subsequently, have an opportunity to file dispositive motions concerning any argument (i) not raised in a Phase 1 dispositive motion and ruled upon by the Court or (ii) relating to any fact or expert discovery

completed in Phase 2.";

WHEREAS, the Court now has ordered NCUA and Defendant Deutsche Bank National Trust Company (the "Trustee") to appear for a status conference on March 25, 2026 at 11 a.m. to discuss "the progress of the case; a timeline for the completion of discovery, if any; and the scheduling of this action for trial," Order Scheduling Status Conference, Dkt. 492 (Mar. 18, 2026);

WHEREAS, to make the status conference more efficient the parties jointly submit the following agreements in advance for the Court's consideration;

IT IS HEREBY STIPULATED AND AGREED, by NCUA, on the one hand, and the Trustee, on the other (each a "Party," and collectively, the "Parties"), by and through their undersigned counsel, that the scheduling order for this case will be as follows:

**PHASE TWO DISCOVERY**:

1.    Phase Two affirmative expert reports, if any, other than reports concerning mitigation of damages, are due on October 20, 2026;

2.    Phase Two affirmative expert reports, if any concerning mitigation of damages are due on January 29, 2027;

3.    Phase Two rebuttal expert reports, if any, are due on May 20, 2027;

4.    Phase Two reply expert reports, if any, are due on July 15, 2027;

5.    If a Party's expert submits more than one expert report (e.g., an affirmative expert report and a reply expert report), then:

        a.  The other Party may depose that expert within a reasonable period of time following each expert report (e.g., one deposition following the affirmative expert report, and a second deposition following the reply expert report); and

b.  The deposing Party shall be entitled to depose the expert for a total of eleven (11) hours on the record, with those hours to be allocated at the deposing Party's sole discretion; and

6.  Phase Two expert discovery cutoff is August 31, 2027.

**PHASE TWO DISPOSITIVE MOTIONS AND *DAUBERT* MOTIONS**:

7.  Following the completion of Phase Two expert discovery, dispositive motions and Daubert motions, if any, will be filed as follows:

a.  Deadline To File Motions: October 14, 2027;

b.  Deadline To File Oppositions: December 16, 2027; and

c.  Deadline To File Replies: January 27, 2028.

**TRIAL**

8.  The parties will meet and confer and submit a joint letter regarding proposed trial dates and a pre-trial schedule within ten days of the Court's ruling on motions to preclude experts.

**ADDITIONAL PHASE TWO STIPULATIONS**

9.  The Parties agree that Federal Rule of Civil Procedure 26 ("Rule 26"), as limited herein, will apply to expert discovery in this action. For avoidance of doubt, nothing in this stipulation expands the scope of discoverable information but only limits the scope of discovery otherwise permissible or debatable under Rule 26.

10. Except as set forth in Paragraph 11, all expert reports shall include the information required by Fed. R. Civ. P. 26(a)(2)(B).

11. The term "considered" as used in Rules 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of this case. The scope of expert disclosures required under Rule 26(a)(2)(B) shall be limited to final expert reports and materials relied upon in

connection with those reports. Notwithstanding the parties' agreement that expert reports need not disclose materials considered but not relied upon by an expert witness, nothing in this stipulation precludes a party from inquiring during the deposition of an expert whether the expert considered or did not consider any materials, and nothing in this stipulation provides a basis that does not otherwise exist under the Federal Rules of Civil Procedure to permit the expert witness not to answer those questions.

12.    Nothing in this stipulation requires or permits discovery of any information that would otherwise be protected from discovery by the attorney-client privilege, work-product doctrine, or other applicable privileges or protections, or information that is irrelevant, unduly burdensome, or disproportionate to the needs of the case.

13.    Within five (5) business days after each disclosure, each party shall provide copies of all non-public facts or data on which the testifying experts relied in forming their opinions, including facts, data, or assumptions provided by counsel, to the extent they are not already included in the expert's report and exhibits.

14.    For avoidance of doubt, the following need not be produced and shall not be the subject of discovery: (i) drafts of the expert's report, including but not limited to, drafts of any related materials, studies, charts, illustrative documents, or exhibits; and (ii) notes or other writings evidencing communications between an expert and counsel, assistants, or clerical staff; however, if such notes or other writings identify facts, data, or assumptions provided by counsel that the expert relied upon in forming an opinion, and those facts, data, or assumptions are not otherwise disclosed in the expert's report, then only the portions of such notes identifying facts, data, or assumptions that the expert relied upon may be discoverable.

15.    If an expert relies upon information or data results generated, processed, or

modeled by computer, the Parties must produce materials sufficient to permit the receiving party to replicate or test the documents or analyses, including:

    a.   Machine-readable copies of the input data;

    b.   Computer program(s) or data that are not publicly or commercially available; and

    c.   Codes and instructions necessary to generate the documents or analyses.

16.     The following items may be identified rather than produced:

    a.   Documents produced in this action may be identified by Bates numbers or exhibit numbers;

    b.   Transcripts of depositions taken, produced, or provided in this action may be identified by witness and date;

    c.   Exhibits at depositions in this action may be identified by exhibit number; and

    d.   Publicly available articles, cases, statutes, journals, treatises, regulatory filings, or other sources may be identified in a way permitting the Parties to locate and access them, unless such items can be obtained by the receiving Party only by incurring substantial expense or burden.

17.     The parties shall not serve subpoenas on another Party's expert witness, and they shall (1) produce the information required by this stipulation; and (2) make their experts available for deposition without subpoena.

18.     NCUA is no longer pursuing claims based on theories relating to representations and warranties made and allegedly breached as to loans in the trusts at issue in this action, except NCUA retains the right to pursue claims for alleged breaches of representations and warranties as to the completeness of Mortgage Files. For the avoidance of doubt, NCUA does not waive

arguments that alleged Mortgage File defects created Events of Default in one or more trusts.

The Trustee preserves all defenses.

**SO STIPULATED**

Dated: March 24, 2026

KELLOGG, HANSEN, TODD, FIGEL &          MORGAN, LEWIS & BOCKIUS LLP
FREDERICK, P.L.L.C.

By: */s/ Scott K. Attaway*                          By:    */s/ Michael S. Kraut*
    Scott K. Attaway                                          Michael S. Kraut
    1615 M Street, N.W.                                       101 Park Avenue
    Washington, DC 20036                                  New York, NY 10178
    sattaway@kellogghansen.com                      michael.kraut@morganlewis.com

    *Attorneys for Plaintiffs*                                 *Attorneys for Defendant*

**SO ORDERED:**

By: _____          Date:  March __, 2026
    Hon. Sidney H. Stein,
    United States District Judge